## MARIA PIERCE *vs.* THE EMPIRE INSURANCE COMPANY.

A *warranty*, in the law of insurance, is a stipulation inserted in writing on the face of the policy, or in another writing referred to in the policy and made a part of it, on the literal truth or fulfillment of which the validity of the entire contract depends.

A *representation* is a verbal or written statement, made by the insured to the underwriter *before* the subscription of the policy, as to the existence of some fact or state of facts, tending to induce the underwriter more readily to assume the risk by diminishing the estimate he would otherwise have formed of it.

Where the application is made a part of the policy, the statements contained in it are warranties, and a compliance with them conditions precedent to a right to recover.

Whatever is said in the application as to the interest of the assured in the property, is material and important, but does not affect the risk. The nature, situation and condition of the property, its exposure to fire from within, as well as from without, are matters affecting the risk.

Representations relate exclusively to the risk; to the matters which would have a tendency to induce the insurer to enter, or to refuse to enter into the contract, or to lessen the premium which he would charge for insuring. In this view, ownership is not the subject of representation.

Hence, whatever is said in the policy, on that subject, must be by way of warranty.

Knowledge of the interest of the insured in the property, or premises, is important to the insurer, and when the insured is called upon to state such interest truly, and it is stated untruly, the representation is a warranty, and if stated untruly, the policy is void.

Where the statement is that the applicant is the owner in fee, when she only owns a lesser estate, and such statement is in writing, the policy is void.

The misconduct of an agent of the insurers, in omitting to read over to an illiterate person an application made by her, or to state its contents, will not relieve her from her part of the contract. Nor is the insurer responsible for such misconduct of the agent.

A policy of insurance being void by reason of a false representation in the application, in regard to ownership, the insurer cannot be held responsible on the ground that such representation was not material, and that the insured having an insurable interest, can recover on the policy.

When the representation amounts to a warranty, and is false, there is no escape from it; it avoids the contract, and the insured cannot recover. The court has no right to enter into the question as to how far knowledge of the insured's interest was material to the insurer.

APPEAL, by the defendant, from a judgment entered upon the report of a referee. The action was upon a policy of insurance.

The plaintiff, Maria Pierce, was formerly the wife of Duty McIntyre, who died in 1843, seised in fee of the premises on which the buildings insured by the defendant stood. By his will, which was duly proved and recorded, Duty McIntyre bequeathed the use of the premises to his wife, the plaintiff, during her life, unless she should marry; but in case she should marry, she was, from that time, no longer to have the use of or any interest in the premises, and the property was devised to the testator's son, Duty McIntyre, who was to have possession when he became of age, or at the death of his mother, if she should not marry. The plaintiff was appointed an executrix of the will. In April, 1844, she procured the buildings on the premises to be insured, and in October, of the same year, they were burned, and the plaintiff obtained $600 on the policy. With this money and money belonging to her, in 1845, she caused to be erected the buildings insured by the defendant, at a cost of $900. After the death of Duty McIntyre, the plaintiff married William Pierce, who died in 1856. In the spring of 1860, the plaintiff made a verbal arrangement with her son, Duty McIntyre, who was then eighteen years of age, by which the plaintiff was to have the premises in question, and he was to have twenty-one acres of land in Michigan which had been turned out to the plaintiff on a mortgage. No steps were taken to carry this arrangement into effect till after this action was brought, when the son went west. On the 23d of August, 1860, the defendant insured the buildings for the plaintiff, for the term of three years from that date, in the sum of $900. In her application for insurance the plaintiff made this statement: "I own the property—there is no incumbrance." The policy referred to the application "as forming a part of this policy," and also provided: "That this

Pierce *v.* Empire Insurance Company.

policy is made and accepted, subject to and in reference to
the terms and conditions hereto annexed as forming a part
of this policy." By the first condition it was provided that
" Applications for insurance shall be made according to
the printed forms of the company ; shall specify  *  *  *
the nature of the applicant's title, if less than a fee simple,"
and that " any misstatement or concealment relative to
any of the foregoing requirements, &c., shall render the
insurance void." It was further provided that if the prem-
ises should be deserted or permitted to remain unoccupied
by the owner or a suitable tenant, then the policy should be
void. It was also provided by the conditions, that within
thirty days after the loss the insured should deliver to the
secretary of the company, proofs of loss, which should
show, under oath, among other things, the ownership of
the property at the time of the loss, and if any other party
had an interest therein, the nature of such interest, title or
incumbrance should be given ; and that any fraud, decep-
tion, or false swearing relative to the said requirements
should cause a forfeiture of all claim on the company, and
be a full bar to all remedy against the company by virtue of
the policy. The buildings were destroyed by fire on the night
of March 20, 1861, and were at the time of the fire unoccu-
pied. The plaintiff served proofs of loss March 28, 1861, in
which she made this statement under oath. " The prop-
erty was owned in fee at the time of the fire and loss by the
insured, and now is." The action was tried October 17, 1861,
before James Noxon, Esq., referee, upon whose report in
writing judgment was entered for the plaintiff for $923.

*A. B. Capron,* for the appellant. ·

I. The application and conditions of insurance being, by
terms of the policy, made a part thereof, must, with the
policy, be construed as one instrument and contract.
(*Burritt* v. *The Saratoga Co. Mu. Ins. Co.,* 5 *Hill,* 188. *Trench*
v. *The Chenango Co. Mu. Ins. Co.,* 7 *id.* 122. *Jennings* v.

*The Same,* 2 *Denio,* 75. *Murdock* v. *The Same,* 2 *Comst.* 210. *Smith* v. *The Empire Ins. Co..* 25 *Barb.* 497.)

II. The effect of making the application and conditions parts of the policy is to change what would otherwise be mere representations into warranties. (*See cases cited under point I, and also Egan* v. *The Mu. Ins. Co. of Albany,* 5 *Denio,* 326; *Chase* v. *The Hamilton Ins. Co.,* 20 *N. Y.* 52, 57.)

III. A warranty in a policy must be strictly complied with, or the insurance will be void. (*French* v. *The Chenango Mu. Ins. Co.,* 7 *Hill,* 122. *Jennings* v. *The Same,* 2 *Denio,* 75. *Angell on Ins.* § 142.) And this whether the thing warranted be material to the risk or not. (*Burritt* v. *The Saratoga Co. Mu. Ins. Co.,* 5 *Hill,* 188. *Mead* v. *The North Western Ins. Co.,* 7 *N. Y.* 530.)

IV. The statement in the application, that the plaintiff owned the property, amounted to a warranty that she was the owner in fee. This statement was untrue, and the breach of warranty is a bar to any recovery by the plaintiff. By the first condition of the policy it is provided that applications for insurance shall specify, among other things, "the nature of the applicant's title, if less than a fee simple;" therefore the words, "I own the property," without any explanation or qualification, must be construed and mean ownership in fee. Such a statement has been construed to mean that the party has the title. (*Jenkins* v. *The Quincy Ins. Co.,* 7 *Gray,* 375. *Smith* v. *Bowditch Ins. Co.,* 6 *Cush.* 448.) It is not pretended that the plaintiff had the title to the premises, and no equitable interest could satisfy the warranty. The case of *Hodgkins* v. *Montgomery Co. Mu. Ins. Co.,* (34 *Barb.* 213,) virtually decides this. In that case the plaintiff did not own the property in equity, and had informed the agent of the exact state of his title, and because he gave that information to the defendant's agent, the court held that the statement that the property was owned and occupied by the plaintiff, although untrue, did not avoid the policy, thus conceding

that if the truth had not thus been stated to the defend-
ant's agent, the result would have been different. In the
case now before the court, no such statement was given to
the company. The statement, whether treated as a repre-
sentation or as a warranty, being false, and material to the
risk, equally avoids the policy.

V. At the time of the fire and loss, and at the time of
effecting the insurance, the plaintiff had no insurable in-
terest in the premises, and is not entitled to recover.
1. The plaintiff's interest in the property under the will
of Duty McIntyre was extinguished by her marriage with
William Pierce. 2. The plaintiff's investing her own
money in the buildings on the premises gave her no title
thereto, or interest therein, which she could enforce either
at law or in equity. The buildings became part of the
realty, and must follow the land. (*Smith* v. *Benson,* 1 *Hill,*
176. 2 *Bouv. Inst.* 156.) 3. The parol engagement for an
exchange of lands between the plaintiff and her son Duty
McIntyre was void, and gave her no interest or title. (2 *R. S.*
*ch.* 8, *tit.* 1, §§ 6, 8.) Duty McIntyre was an infant, and
incapable of binding himself. He was neither in pos-
session nor entitled to the possession of the premises. No
steps were taken to carry the pretended agreement into
effect until after the destruction of the buildings in 1861.

VI. The sworn statement in the proofs of loss, that "the
property at the time of the fire and loss was owned in fee
by the insured, and now is," was not true; and it was such
deception and false swearing as to be a bar to any recovery
against the defendant. The conditions of the policy re-
quire that the proofs of loss shall show, "the ownership
of the property at the time of the loss, and if any other
person has an interest therein, the nature of such interest
or title must be given." And provides that "any fraud,
deception or false swearing relative to those requirements,
shall be a bar to all claims against the company." This

statement was expressly calculated to deceive the company as to the plaintiff's interest, and was utterly false.

VII. The defendant's motion for a nonsuit was improperly denied. Possession of the premises was all the evidence of title or interest which the plaintiff had shown. By the plaintiff's own showing, it further appears that she was the wife of Duty McIntyre, who died in possession of the premises; and the presumption therefore is that he had the title. The title being thus shown to be in him, the law presumes that it passed to his heirs, and the possession of the plaintiff must be considered as in subordination to this title. Or, in other words, the law presumes that the plaintiff continued in possession as his widow, and for the benefit of the heir at law. (1 *Phillips on Ev.* note 177, *subd.* 6, 7. *Livingston* v. *Peru Iron Co.*, 9 *Wend.* 520.) In the proofs of loss the plaintiff swore that she owned the property in fee, and the proof must show a title in fee, or she is not entitled to recover.

VIII. The policy provided that if the premises be permitted to remain unoccupied, the policy shall be void. And the testimony shows that at the time of the fire the possession had been abandoned, and the premises were in fact vacant. That alone is a bar to any recovery.

IX. Public policy will never authorize a recovery in such a case as this. To state the case most favorably for the plaintiff, it is simply this : The plaintiff was in possession. While thus in possession she erected the buildings insured. By operation of law these buildings became part of the real estate, and belonged to the son. While thus belonging to him they were destroyed. Therefore the loss was his, and legally the plaintiff has suffered no loss, and is entitled to no indemnity. She had no insurable interest therein. (2 *Comst.* 210, *above cited.*) Should the courts allow a recovery in such a case, it would evidently always be for the direct interest of such persons that the buildings should be destroyed. For if not destroyed they

---
Pierce *v.* Empire Insurance Company.
---

belong to others; if destroyed, the value is received by those having no interest therein. Under such rulings, fires would probably be multiplied.

*D. & D. F. Gott,* for the respondent.

I. There is no violation of the first condition of insurance.   1. A contract for the sale of lands by parol, accompanied by part performance, has been repeatedly held a valid contract, and one not within the statute of frauds. (*Chitty on Cont.* 276.   4 *Kent's Com.* 451.   2 *John.* 687.) No case can be found, holding that a contract for the sale of lands by parol is void, when the entire consideration has been paid, and possession taken under the contract. 2. A parol contract in relation to lands, accompanied by part performance, is not void, but voidable, so that the rule is now well settled that although a party to the agreement may in some instances avoid it, yet no third person can take advantage of the want of a writing between the contracting parties. (*Bohannan* v. *Pace,* 6 *Dana,* 194. *Cahill* v. *Bigelow,* 18 *Pick.* 369.   *Jackson* v. *Todd,* 6 *John.* 257.)   Under these authorities, it is claimed that as to all the world except Duty McIntyre, the title has passed, and that no one beside him can avoid it directly or indirectly; and that as to him, the title is a valid subsisting title, until he shall have avoided it, if he can, by due course of law.

II. The fact that this agreement was made with an infant, in nowise alters the case.   1. The contracts of an infant are not void, but voidable.   (1 *Pars. on Cont.* 243. *Roof* v. *Stafford,* 7 *Cowen,* 179.   9 *id.* 626.   *Bool* v. *Mix,* 17 *Wend.* 119.)   2. Infants are considered as under the protection of the court, and if it be made to appear to the court on the application of the infant, that the contract is prejudicial to his interests, he will be relieved against it.   But until the application is so made by the infant, the contract is valid.   (*Fonda* v. *Van Horne,* 15 *Wend.* 631, 635.   *Breckenridge* v. *Ormsby,* 1 *J. J. Marsh,*

Pierce v. Empire Insurance Company.

236.  *Cole* v. *Penoyer,* 14 *Ill.* 158,)  3. No third person can avoid the contract.  In *Jackson* v. *Todd*, (6 *John.* 257,) the plaintiff claimed title under a deed made by an infant; the defendant claimed under a deed made by the same person after he became of age.  The court held that the deed of the infant could only be avoided by himself, and not by a third party.  (*See also* 15 *Wend. and other cases last above cited.*)

III. But there was no violation of the first condition of insurance, even if the plaintiff were not the owner in fee of the premises insured.  1. In the construction of contracts, the terms used in an agreement shall prevail according to a liberal, not a technical interpretation.  2. The construction shall be favorable, so that the agreement may, if practicable, be supported.  (*Chit. on Cont.* 77, 78.) In interpreting the first condition of insurance, it should be remembered that the defendant is one of those double sided corporations, having a stock or cash department, and a mutual department.  In the cash department, the insured has no interest in the company, farther than to be protected against loss; nor has the company any interest in the property insured.  In the mutual department, the insured becomes a partner in the company, and liable to contribute in case of loss, to the amount of his premium note, and in such case, the company is immediately interested in knowing the true title of the premises insured; the title to the property and the incumbrances directly affect the hazards incurred.  The first condition reads as follows: "Any misstatement or concealment, relative to any of the foregoing requirements, or withholding any information affecting the hazard, render the policy void," &c.  A fair and liberal construction of this clause would make it read substantially as follows: "Any misstatement or concealment relative to any of the foregoing requirements, affecting the hazard, or withholding any information affecting the hazard," &c.  Taking

into consideration the circumstances above referred to, and the inference is unavoidable, that whoever drafted this condition, intended this as the meaning of the clause; especially when it is farther remembered that the same conditions are used in a policy issued in either the stock or mutual department of the company.

*By the Court,* MULLIN, J.   A warranty, in the law of insurance, differs from a representation, in this, to wit: The former is a *stipulation inserted in writing on the face of the policy, or in another writing referred to in the policy and made a part of it, on the literal truth or fulfillment of which the validity of the entire contract depends.   A representation* is a verbal or written statement made by the insured to the underwriter *before* the subscription of the policy, as to the existence of some fact or state of facts, tending to induce the underwriter more readily to assume the risk by diminishing the estimate he would otherwise have formed of it.   (*Angell on Ins.* § 147.)

In this case, as will be shown hereafter, the application is made a part of the policy.   The statements contained in it are thus made warranties, and the compliance with them conditions precedent to a right to recover.   (*Angell on Ins.* § 142.)   The insurer has an interest in knowing the interest which the insured has in the property; and whatever is said in the application on that subject is material and important, but it does not affect the risk.   The nature, situation and condition of the property, its exposure to fire from within, as well as from without, are matters affecting the risk.   Representations relate exclusively to the risk; to the matters which would have a tendency to induce the insurer to enter or to refuse to enter into the contract, or to lessen the premium which he would charge for insuring.   Ownership is not, in this view of the case, the subject of representation.   It is true that if the insurer knew that the applicant for insurance

Pierce *v.* Empire Insurance Company.

had no interest in the property, he would not insure; not because the risk was greater or less, but because the contract, if entered into, would be a mere gambling contract, and against public policy. What is said in the policy must be by way of warranty, as from its nature it cannot be a representation. When the referee assumed to treat the statement in the application as a representation and not a warranty, he overlooked the distinction between them, and the error thus made has entered into the judgment.

The first condition annexed to the policy, and which is made a part of it, by express agreement of the parties, is, that the application shall specify, among other things, "the nature of the applicant's title, if less than fee simple, the nature and amount of insurance," &c. And it is declared that "any misstatement or concealment in relation to any of the foregoing requirements, or withholding any information affecting the hazard, shall render the insurance void, the validity of the policy being based thereon." In the application signed by the plaintiff, she declared that she was the owner of the premises, and that there was no incumbrance on them. It was not true that she was owner in fee. She had an equitable interest merely. It is impossible to read the application, in view of the condition above referred to, and not see that the object of the company was to ascertain truly the actual interest which the applicant had in the premises, and it must be fully disclosed when it was less than a fee. Now the interest of the plaintiff was less than a fee; she has not stated it. From the language used the defendant had the right to assume that the plaintiff was the owner in fee. When she said she was owner, and disclosed no inferior interest, although expressly required to do so unless she had a fee, the defendant could not avoid the inference that she was owner in fee. The statement of the interest of the insured is undoubtedly a warranty, and being un-

true, avoids the policy. To escape this result, it is said that the statement as to the interest of the assured was put in by the defendant's agent, was not read over to her, and she did not know, when she signed it, that any such statement of interest was made. The referee finds this state of facts to be true. The plaintiff cannot, after insuring in the defendant's company, and bringing an action upon a policy issued to her, containing conditions binding both parties, be permitted to hold the defendant to performance of its promises and repudiate altogether her own. Her interest in the premises was an important fact for the defendant to know, we are to presume, and I think she cannot be heard, in this action, to rebut the presumption, that she knew that she was bound to know what the conditions of the policy were. She also knew that her interest in the property must be truly disclosed.

Again ; if she knew the conditions, she was aware that unless she disclosed an inferior interest, the company had the right to assume that she was owner in fee. If she was ignorant of all knowledge on these points, then she entered into the contract in ignorance of facts which it was important for her to know, and it was her duty to repudiate it altogether, or to apply to the court for relief against it. She cannot hold the defendant to its part of the agreement into which it has been led through statements concededly false, while she repudiates all liability on her part except the payment of the premium. The agent was the agent of the company for some purposes— of the plaintiff for others. So far as notice of a fact to the company was necessary to be proved, notice to the agent has been held sufficient. (*Masters* v. *Madison Co. Mutual Ins. Co.,* 11 *Barb.* 624.) But the question here is not one of notice. The policy required the fact to be stated in the application, and no amount of information aside from that could help the plaintiff. But if knowledge to the agent of the facts affecting the plaintiff's title, was sufficient,

Pierce *v.* Empire Insurance Company.

there is no fact found or proved tending to show that the agent had any information that the plaintiff was not owner in fee.

It seems to me quite clear, 1st. That knowledge of the interest of the insured in the property or premises is important to the insurer, and that when, as in this case, the insured is called on to state such interest truly, and it is stated untruly, the representation is a warranty, and if stated untruly the policy is void. 2d. That the statement in this case was, that the plaintiff was the owner in fee, and such statement is in writing, and the policy is therefore void. 3d. That the misconduct of the agent does not relieve the plaintiff from her part of the contract; and that the defendant is not responsible for such misconduct.

The policy being void for the reasons aforesaid, it is legally impossible to hold the defendant responsible on the ground that the representation as to interest was not material, and she, having an insurable interest, can recover on the policy. By the contract the policy is absolutely void, and no action can be maintained upon it. We have no right to enter into the question as to how far knowledge of the plaintiff's interest was material to the defendant. That inquiry can be entered upon when the representation is as to a matter collateral to the risk. (*Wall* v. *Howard Ins. Co.*, 14 *Barb.* 383.) But when the representation amounts, as in this case, to a warranty, there is no escape from it; it avoids the contract, and the insured cannot recover. (*Wilson* v. *Herkimer Mutual Ins. Co.*, 2 *Seld.* 53.) I will not enter into the question whether the plaintiff had an insurable interest, as that question is wholly immaterial if I am right upon the other branch of the case.

The judgment of the referee must be reversed, and a new trial ordered, costs to abide the event.

[JEFFERSON GENERAL TERM, October 7, 1862. *Mullin, Morgan* and *Bacon,* Justices.]