## WILLIAM EDWARDS

### v.

## FARMERS' INSURANCE COMPANY.

1. INSURANCE — *description of property in policy.* Where an application is for insurance "on hay in the stack and in the field," and the policy issued upon the application is upon "hay in stack within fifty feet of

stable," the discrepancy is not such as to entitle the insured to rescind the contract of insurance.

2. SAME — *construction of policy*.   Where a policy of insurance refers to an application, and by apt words makes the application a part of the policy, the two instruments will be construed together.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. STEWART, PHELPS & STEWART, for the appellant.

Mr. ALMON KIDDER, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This suit was brought on a note given to the insurance company to secure the several annual premiums to become due on a policy of insurance upon the property of appellant.   He insists the. policy did not describe accurately all the property embraced in his application, and therefore he had the right, for that reason, to rescind the contract of insurance, which he alleges he did as soon as the error was discovered.

The policy by its terms included appellant's dwelling house, barn, granary, grain, hay, and other articles usually found on a farm.   The amount insured on the property enumerated was $3,000, for a period of five years.

The variance between the policy and the application, it is alleged, consists in a misdescription of the item of hay — included in the policy.   The application asked for insurance " on hay in the stack and in the field, $200 ; " and the policy reads, " $200 on his hay in stack within fifty feet of stable."   All other property enumerated in the application, it is conceded, was accurately described in the policy.

The misdescription insisted upon is not material.   The thing to be insured was " hay in the stack," and in that particular the policy follows the application.   In either case, it was in the field, and it is wholly immaterial whether it was " within fifty feet of stable."   That part of the description may be rejected

and the remainder is a substantial compliance with the application, that it is described as "hay in the stack."

But, aside from this view, the policy refers to the application for a "more particular description" of the property insured, and by apt words makes it "a part of this contract" of insurance. The application having thus been made a "part of the policy," the two instruments must be construed together. When this is done there is no difficulty in determining what property was insured. There was no misdescription of any item. All the property appellant contracted to have insured was embraced by appropriate description in the policy, and hence the right of rescission insisted upon did not exist.

No error appearing, the judgment will be affirmed.

*Judgment affirmed.*