Phœnix Insurance Company v. Benton.

No. 9270.

## PHŒNIX INSURANCE COMPANY v. BENTON.

INSURANCE.—*Complaint on Fire Policy.*—It is not necessary in a complaint on a policy against loss by fire to aver the value of the property when the insurance was taken, but the value at the time of loss must be alleged, and also the ownership both when the insurance was taken and when the loss occurred.

SAME.—*Warranty by Insured.*—When the written application for insurance is made part of the policy, a false statement therein, representing the amounts of existing insurance on the property as less than it is, is a covenant and condition precedent, which, being broken, renders the policy invalid *ab initio.*

From the Jackson Circuit Court.

*B. E. Long* and *D. H. Long*, for appellant.

*J. B. Brown*, for appellee.

FRANKLIN, C.—This is a suit brought by appellee against appellant on an insurance policy against fire, in the sum of $2,500, upon a stock of merchandise, store-house fixtures and hotel furniture. The policy was taken out on the 18th day of March, 1880, and the property was destroyed by fire on the 9th day of April, 1880. Appellant was notified of the loss on the 17th day of April, 1880. This suit was commenced on the 12th day of November, 1880; and upon a trial by the court, on the 7th day of December, 1880, judgment was rendered in favor of the appellee for the full amount of the policy and interest.

The errors assigned in this court are: 1st. Overruling the demurrer to the complaint. 2d. Overruling the motion for a new trial. 3d. The rejection of certain testimony.

The cause stated in the demurrer is, that the complaint does not state facts sufficient, under which the following objections are urged against the complaint: 1st. It does not aver that the property was, when insured, of the value represented in the application for insurance. 2d. It is not averred that the appellee was the owner of, or had any interest in, the insured

property at the time he applied for and obtained the insurance. 3d. It is not averred that the appellee had an interest in, or was the owner of, the insured property at the time it was so destroyed.

We do not think it necessary that the complaint should aver the value of the property at the time that it was insured. *Aurora Fire Ins. Co.* v. *Johnson*, 46 Ind. 315. This was an open policy as to value, agreeing to pay such loss upon the insured property as appellee might sustain by reason of fire, not exceeding the amount named in the policy. The material averment is as to the value of the insured property that was destroyed by the fire at the time of its destruction.

The application stated the value of the property at the time of the insurance. The application was made a part of the policy, and the policy was made a part of the complaint. The value of the property, at the time of the insurance, therefore, appeared incidentally in the complaint. But if appellant desired to show that the application contained a statement of a fictitious value of the property so as to constitute fraud and invalidate the policy, it could only do that by answer and not by demurrer. The complaint, however, should show, by direct averment or otherwise, that appellee had an interest in the property at the time it was insured, and at the time of the loss. *Home Ins. Co.* v. *Duke*, 75 Ind. 535; *Aurora Fire Ins. Co.* v. *Johnson, supra.* But it was held in the latter case that it was not necessary to state the plaintiff's title to, or ownership in, the property; that the proof would show the extent and nature of the interest.

There is no direct averment in this complaint of appellee's interest in the insured property, either at the time of the insurance or at the time of the loss, except by way of recital, other than as contained in the application and policy which are made parts of the complaint. This is, perhaps, sufficient to require an issue to be presented by the appellant in its answer, as to the interest of appellee in the insured property at the date of the insurance. But he then having an interest in

the property does not create a strong enough presumption that he continued to have that interest at the date of its loss by fire, without there being something further shown in the complaint in relation to his interest at the time of the loss. *Ætna Ins. Co.* v. *Kittles,* 81 Ind. 96. The complaint contains the following references and averments in relation to the ownership of the property at the time of its insurance and destruction: "That, on said 18th day of March, 1880, for and in consideration of the sum of $43.75 paid to said defendant by plaintiff, defendant did insure against loss or damage by fire, the plaintiff's personal property, in the sum of $2,500, as follows, tó wit." Then follows a description of the property that was insured and afterwards burned. "That all of said insured property was then and there consumed and destroyed by said fire, and the same was wholly lost to said plaintiff. * * * All of which loss the plaintiff, without any fault or negligence upon his part, has sustained; that this plaintiff, immediately after the fire, gave notice of his loss to the defendant; that on the 17th day of April, 1880, the said plaintiff rendered to the said defendant due proof of his loss by reason of said insured property having been consumed by fire as aforesaid."

While it would have been better pleading, and more in harmony with the precedents, to have averred directly the interest of the plaintiff in the property insured, both at the time of the insurance and the time of the loss, still we think this complaint sufficiently shows that the plaintiff had such interest in the property, and that it contained facts sufficient to constitute a good cause of action. There was no error in overruling the demurrer to the complaint.

The second error assigned is the overruling of the motion for a new trial. The reasons stated for a new trial are:

1st. The damages assessed are too large.

2d. The finding is not sustained by the evidence.

3d. The finding is contrary to law.

4th. Evidence erroneously admitted.

The evidence in relation to the value of the property destroyed by the fire was very conflicting, ranging from $1,200 to $3,300.   There was evidence clearly tending to sustain the finding of the court.   We can not, therefore, say that the damages were excessive, although a preponderance of the evidence may tend very much that way.   But it is insisted that there was a failure in the evidence to prove a performance of all the conditions precedent and warranties, and that the finding was contrary to law.

The policy contained the following clause:   "For further particulars see application on file, which is made part of this policy, and a warranty on part of assured."   The application, after containing questions and answers in relation to the location and material of the building, walls, roof, lightning rods, fuel used, number of rooms and how the flues were situated, kind of lights used, how premises occupied, and exposures within 100 feet, also contained the following question and answer:   " 11. What other insurance is there upon the property—in what office, and at what rate?

"11. Building, in North American, $4,000."

The proof shows, and the fact is admitted by appellee's counsel, that the building, at the time of this insurance, was insured in the Pennsylvania Insurance Company, in the sum of $2,000, in addition to the $4,000 in the North American Company.   But it is insisted by appellee's counsel that this eleventh question was not in relation to, and did not refer to, the building, but to the property about to be insured; that the answer was not an answer to the question, and the question was left unanswered.   This construction of the question might have been correct had there been no answer given, but the answer given fixes what the parties understood the question to mean and refer to, and appellee can not now claim for it a different meaning.

The question then arises as to what effect this fact may have upon the validity of the policy.   The application concludes as follows:   "And the said applicant hereby covenants and

agrees to and with said company that the foregoing is a just, full and true exposition of all the facts and circumstances in regard to the condition, situation and value of the property to be insured, so far as the same are known to the applicant and material to the risk. [Dated] March 18th, 1880.

" WILBER C. BENTON, applicant."

It can hardly be said that appellee did not know of said additional insurance, and there can be very little, if any, doubt about its being a material fact to the risk about to be assumed. The greater the insurance upon the building, the less would be the inducement to use care and diligence in preventing fire; and if the building was insured for more than it and its contents were worth, it would conduce to the interest of the assured to let the property burn, and the greater this interest is made, the more hazardous the risk would be.

Where the application is made a part of the policy its statements are warranties. *Mutual Benefit Life Ins. Co.* v. *Miller*, 39 Ind. 475; *Mutual Benefit Life Ins. Co.* v. *Cannon*, 48 Ind. 264; *Eddy Street Iron Foundry* v. *Hampden, etc., Co.*, 1 Cliff. 300; *Pierce* v. *Empire Ins. Co.*, 62 Barb. 636; *Commonwealth Ins. Co.* v. *Monninger*, 18 Ind. 352. And in such cases both the application and the policy are to be construed together as one contract. *Edwards* v. *Farmers' Ins. Co.*, 74 Ill. 84; *Byers* v. *Farmers' Ins. Co.*, 35 Ohio St. 606.

In the case under consideration the application makes the statements, so far as known to the applicant and material to the risk, covenants; and the policy expressly makes them warranties. A warranty is styled a condition precedent, and no contract exists unless the warranty be literally complied with. Angell Fire and Life Ins., section 142; Ellis Law of Fire Ins., p. 28; Wood Fire Ins., sections 137, 214. While a warranty relating to an existing fact must be literally true, or policy does not attach, that which is promissory in its nature is not so strictly construed. In the later cases it has been held sufficient if substantially true or performed.

Phœnix Insurance Company v. Benton.

*Cady* v. *Imperial Ins. Co.*, 4 Cliff. 203; *James* v. *Lycoming Ins. Co.*, 4 Cliff. 272; *Grant* v. *Lexington Fire and Life Ins. Co.*, 5 Ind. 23. This Indiana case holds that executory stipulations, or promissory warranties, require strict performance, and that a breach thereof, whether the thing warranted is material or not, renders the policy void from its inception. This was applying the same strictness to promissory warranties as is applied to warranties in relation to existing facts.

Warranties can not be deviated from in the smallest particular, whether material or immaterial; but the insured is not answerable on account of representations, unless they differ in material respects from the truth, or are departed from in a material manner. *Nicoll* v. *American Ins. Co.*, 3 Woodb. & M. 529; *Mutual Benefit Life Ins. Co.* v. *Miller, supra.* In the case at bar, according to the foregoing authorities, the answer to the 11th question in the application must be regarded as a warranty and held as a condition precedent, which, if not true, makes a breach of the warranty and renders the policy invalid from the beginning, the fact of the breach being proven and admitted by appellee. There was a failure in the proof of the performance of the conditions precedent, and the finding was not sustained by sufficient evidence, and was contrary to law. The court below erred in overruling the motion for a new trial, for which error the judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be and the same is in all things reversed, at appellee's costs, and that the cause be remanded, with instructions to the court below to sustain appellant's motion for a new trial, and for further proceedings.

Opinion filed at the May term, 1882.

Petition for a rehearing overruled at the November term, 1882.