By the Court.—Gildersleeve, J.
In February, 1876, the plaintiffs herein and one Charles H. Hyde were copartners. On the 10th day of January, 1890, said Hyde died, leaving the plaintiffs sole surviving partners of said firm. On the 6th day of January, 1887, Hyde was a debtor to said firm in a large sum of money, which indebtedness increased from time to time, and at his death amounted to upwards of $20,000. On said 6th day of January, 1887, the defendant-corporation issued a policy of insurance or certificate of membership to said Charles H. Hyde for $10,003, payable upon his death to the firm of Studwell, Sanger & Co., of which firm the plaintiffs herein are the sole surviving partners. This action was brought to recover the sum of $10,003 upon said policy of insurance, or certificate of membership, issued as aforesaid. The application, signed by Hyde, for the policy in question, contains the following statement : “ That the foregoing application and this declaration, together with the answers and explanations given to the above various questions, and inclusive of those propounded by the medical examiner on the within pages hereof, shall form the exclusive and only basis of the agreement of the above-named applicant and the Mutual Benefit Life Association of America, and that if any misrepresentations or fraudulent or untrue answers or statements have been made, or if any facts which should have been stated to the Association have been suppressed therein, * * * or should the applicant fail to comply with any of the terms of this agreement, or with any of the conditions and agreements contained in the certificate of membership, * * * then this agreement *290 shall become null and void, and all moneys which shall have been paid shall be forfeited to the said association for its sole benefit.” At the conclusion of the statement made to the medical examiner, Mr. Hyde further says : “ I hereby further declare that I have read and understand all of the foregoing questions put to me by the medical examiners, and the answers therein, and that the same are warranted by me to be true.” The by-laws are also made a part of the policy. Section 21 of the by-laws state's “If any person secures membership by concealing or suppressing any material facts, or if the statements in the application for membership * * * are in any respect untrue, the membership shall cease and all payments shall be forfeited to the association.” The policy in suit and the application therefor constituted the contract of insurance between Charles H. Hyde and the defendant (May on Insurance, § 158), and must be construed as one instrument. Mutual Ben. L. Ins. Co. v. Miller, 2 Ins. L. J., 101 ; Lycoming Mut. F. Ins. Co. v. Sayler, 67 Pa., 108; Burritt v. Saratoga Co. Mut. F. Ins. Co., 5 Hill, 188; Pierce v. Empire Ins. Co., 62 Barb., 636 ; Vose v. M. Ins. Co., 6 Cush., 42; Chaffee v. Catt. Co. Mut. Ins. Co., 18 N. Y., 378; France v. Ætna L. Ins. Co., 2 Ins. L. J., 657; Angell on Ins., § 141.
In the application for insurance, this question was asked of Mr. Hyde: “Q. What amounts are now insured on your life, and in what companies ? A. $10,000, Family Fund.” The plaintiffs’ proofs of death submitted to the defendant show that Mr. Hyde had $10,000 insurance in the Mutual Life Insurance Company of New York ; they show that on January 30, 1888, many years prior to the application made to the defendant, Mr. Hyde took out two policies of insurance in the Mutual Life Insurance Company of New York, for $5,000 each, and that the same were in full force up to the time Mr. Hyde died, and that the amounts insured by said *291 policies were actually paid to Mr. George H. Studwell, one of the plaintiffs in this action, on the 24th day of January, 1890. These policies were received in evidence upon the trial, and established the fact beyond dispute that in addition to the insurance mentioned by Mr. Hyde in his application, .namely, $10,000 in Family Fund, he was also insured, at the time of making said application, in the sum of $10,000 in the Mutual Life Insurance Company of New York. At the conclusion of the evidence the learned counsel for the defendant made a motion to dismiss the complaint upon the ground, among others, that Mr. Hyde in the answers to questions made to defendant and contained in the application for the insurance in question, suppressed the fact that he was insured in the Mutual Life Insurance Company for $10,000. The learned trial judge dismissed the complaint upon that ground, without passing upon the other grounds urged.
The evidence disclosed an undisputed suppression of fact. One of the stipulations contained in the agreement between Mr. Hyde and defendant, which constituted the contract of insurance upon which this action was brought, is as follows :—“ Or if any facts, which should have been stated to the association, have been suppressed therein, * * * then this agreement shall become null and void.” There was nothing to go to the jury upon this point. It incontestably appeared that a material fact had been suppressed.
The only remaining question was this :—Was the fact intentionally suppressed ? On this point the learned trial judge, in disposing of the motion to dismiss, said : “ The jury could not find to the contrary. If a man knows, is in possession of his senses, and his intellect is directed to a particular thing, he may not tell us an untruth, conscious that it is untrue, as matter of business.” This answer appeared on its face to be complete ; it did not, however, contain the whole truth, and in that re *292 spect it was false. Mr. Hyde’s omission to disclose the-existence of the policies in the Mutual Life Insurance Company was clearly a suppression of “ facts which should have been stated to the association.” A man is presumed to intend the natural consequences of his acts. Mr. Hyde’s act of omission in this respect deprived the defendant of material information. There could be no other reasonable conclusion from the act itself, from the existence of the policies at the time of his death, and other proof in the case, than that he knew of their existence and intentionally suppressed the fact. “Where an answer of the applicant to a direct question of the insurer purports to be a complete answer to the question, any substantial mis-statement or omission in the answer voids the policy issued upon the face of the application.” Phoenix Mut. Life Ins. Co. v. Raddin, 120 U. S., N. S., 183 ; 7 Sup. Ct. Rep., 500. “ Where the answer of an applicant to a direct question purports to be a complete answer, any material mis-statement or omission in the answer voids the contract.” Cook on Life Ins., p. 34, § 18. In the case of Towne v. Fitchburg Ins. Co., 7 Allen, 51, which was an action on a fire insurance policy, that provided that the application therefor should contain a full, fair and substantially true representation of all the facts and circumstances respecting the property, the insured having mentioned only one mortgage as being upon the property, when there were in fact two, it was Held, that this suppression of fact voided the policy, and that the fact that the insured did not then recollect the other mortgage was immaterial. Any other rule would be unnecessarily severe, and might often work great hardship to insurance corporations.
It would be unreasonable to call upon defendant, years after policies of insurance had been issued, and the facts that had transpired leading up to their issue had occurred, to give direct proof of the intentional omission on the part of the insured of a fact which, by the terms *293 of the contract, the insured had agreed to place in defendant’s possession.
For the reasons above stated, it follows that plaintiffs were not entitled to recover, and that the dismissal of the complaint did not constitute error. It is unnecessary to discuss the question of warranty.
We are of opinion that the judgment appealed from should be affirmed, with costs.
Freedman, P. J., and Dugro, J., concurred.