MOORE v. PRUDENTIAL CASUALTY CO.

(Supreme Court, Appellate Division, Third Department.   January 5, 1916.)

1. INSURANCE ⬅124—LIFE INSURANCE—CONTRACTS OF—"REPRESENTATION."
    A contract whereby a company, designated as a casualty company, agreed to make a payment upon the death of insured by accidental means, is a contract of life insurance within Insurance Law (Consol. Laws, c. 28) § 58, declaring that the policy shall contain the entire contract, and all statements made by the insured shall, in the absence of fraud, be deemed "representations" and not warranties.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 172, 178; Dec. Dig. ⬅124.
    For other definitions, see Words and Phrases, First and Second Series, Representation.]

2. EVIDENCE ⬅77—PRESUMPTIONS.
    Where a witness who was in the employ of defendant was not produced to contradict plaintiff's testimony, it must be assumed that plaintiff's testimony could not be disputed.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 97; Dec. Dig. ⬅77.]

3. INSURANCE ⬅265—LIFE INSURANCE—"REPRESENTATIONS"—WHAT ARE.
    Under Insurance Law, § 58, declaring that all statements by the insured shall, in the absence of fraud, be deemed representations, statements by insured as to his employer, his duties, and the beneficiary are "representations," which are statements by the insured made to the underwriter relative to the risk.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 560; Dec. Dig. ⬅265.]

4. INSURANCE ⬅256—LIFE INSURANCE—REPRESENTATIONS.
    The falsity of representations will not avoid a contract of life insurance, unless they were material and relied on as an inducement to the making of the contract.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 540, 549; Dec. Dig. ⬅256.]

5. INSURANCE ⬅372—LIFE INSURANCE—STATUTE—WAIVER.
    Parties cannot, by contract, waive Insurance Law, § 58, declaring that the policy shall contain the contract, and statements by the insured shall, in the absence of fraud, be deemed representations and not warranties.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 941; Dec. Dig. ⬅372.]

6. INSURANCE ⬅255—LIFE INSURANCE—VALIDITY OF CONTRACT.
    False representations as to the name of insured's employer and his duties, and that he was related to the beneficiary will not avoid the policy, where the policy was not issued in reliance on insured's statements as to his duties, for insured could have taken out the policy for the benefit of the beneficiary, and the name of his employer was immaterial.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 548; Dec. Dig. ⬅255.]

7. INSURANCE ⬅585—LIFE INSURANCE—BENEFICIARIES.
    While one not related to the insured cannot insure his life for her own benefit, insured may take out a policy for such person's benefit.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1461–1468; Dec. Dig. ⬅585.]

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

8. INSURANCE ☞379—LIFE INSURANCE—DEFENSES.

Where insurer's agent failed to record the applicant's answers as given, but instead wrote false answers in the application, which he directed the applicant to sign, the insurer is estopped to rely on the defense of the falsity of such representations.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 999–1015; Dec. Dig. ☞379.]

Appeal from Trial Term, Ulster County.

Action by Clara Moore against the Prudential Casualty Company. From a judgment for plaintiff, and an order denying defendant's motion for new trial on the minutes, defendant appeals. Affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, and WOODWARD, JJ.

Fuller & Fuller, of New York City (Raymond D. Fuller, of New York City, of counsel), for appellant.

N. Frank O'Reilly and William H. Grogan, both of Kingston, for respondent.

WOODWARD, J. The defendant, an Indiana insurance company, wrote and delivered a policy of insurance to one Samuel Simpson, of Kingston. The contract provided that upon the death of the said Samuel Simpson, by accidental means, it would pay to the beneficiary, the plaintiff in this action, the sum of $1,000. Simpson was killed in an accident, at Waterbury, Conn., on or about the 16th day of December, 1913, while the said policy was in full force and effect, if such policy ever had a valid inception, and the plaintiff made the proper proofs of death, and demanded payment of the claim, which was refused. This action was brought to recover the amount of the policy, and has resulted in a verdict in favor of the plaintiff. The defendant appeals, claiming that the policy never had any legal existence, due to alleged false statements, constituting warranties.

[1, 2] The propositions relied upon on this appeal are: (1) That the statement, "I am employed by James Powers, masoner," was false and untrue. (2) That the statement: "My occupations are repairman to telegraph. My duties in such occupation are only repairman to telegraph"—was false and untrue. (3) That the statement: "In case of my death my beneficiary shall be Clara Moore; relationship cousin"—was false statement of relationship of beneficiary to insured."

It is not disputed that these several statements, contained in the application, and which were indorsed upon and made a part of the policy, were untrue, and it will be assumed that the parties, having apparently contracted that these statements should constitute warranties, the defendant would be entitled to a verdict, unless there was something in the law to overcome the ordinary rule in such cases. The policy being a contract of life insurance (St. John v. American Mut. Life Ins. Co., 13 N. Y. 31, 38, 64 Am. Dec. 529), and being delivered by a life insurance corporation doing business in this state, undoubtedly comes within the provisions of section 58 of the Insurance Law, which not only provides that the policy shall contain the entire con-

tract, but that "all statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties," and that "any waiver * * * of this section shall be void." The language of the section is inclusive, and deals with "any life insurance corporation doing business within the state," and while the defendant has the name, the Prudential Casualty Company, it undertakes to insure lives against accidents producing death, and is, under the definition given in the case last above cited, a life insurance corporation. It is true that fraud is suggested in the defenses pleaded, but the evidence does not justify the suggestion, and no claim is urged upon this appeal that there was any lack of good faith on the part of the insured. On the contrary, the evidence fairly justified the jury in finding that the application was filled in by the defendant's own agent, who was told the truth in respect to all the matters complained of, and that he placed it in his pocket and promised to issue the policy, without having ever read the same over to the insured, after the latter had signed the same at the suggestion of the defendant's agent. This agent, it appears, is still in the employ of the defendant, and, as he was not produced upon the trial, or his absence accounted for, it may be presumed that the plaintiff's testimony, as well as that of her husband, as to these material facts, cannot be disputed.

[3-5] If we are right in the proposition that the answers to the questions asked by the defendant's agent were not to be regarded as warranties—and the language of the section cited would seem to justify this view (Becker v. Colonial Life Ins. Co., 153 App. Div. 382, 384, 138 N. Y. Supp. 491)—then, in the absence of fraud, these representations, to vitiate the contract, must be made knowing them to be false; they must have been material and relied upon as an inducement to the making of the contract. Becker v. Colonial Life Ins. Co., supra, and authorities there cited. The statute provides clearly that any attempt to waive these provisions is void, so that the mere fact that the contract calls these statements warranties does not operate to make them so in law. They are representations, and a representation is a verbal or written statement made by the insured to the underwriter before the subscription of the policy as to the existence of some fact, or state of facts, tending to induce the underwriter more readily to assume the risk by diminishing the estimate he would otherwise have formed of it. Pierce v. Empire Ins. Co., 62 Barb. 636, 644. This is not a part of the contract, but is collateral to it. Cushman v. United States Life Ins. Co., 63 N. Y. 404, 408; Burritt v. Saratoga County Mutual Fire Ins. Co., 5 Hill, 188, 190, 40 Am. Dec. 345. Where the policy made such reference to the application as to make these statements a part of the contract itself, it was held that these became warranties (Burritt v. Saratoga County Mutual Fire Ins. Co., supra; King v. Tioga County Patrons Relief Association, 35 App. Div. 58, 54 N. Y. Supp. 1057), and this was the state of the law when the Legislature provided that the policy should contain the entire contract, and that nothing should be incorporated therein by reference, and that "all statements purporting to be made by the in-

sured shall in the absence of fraud be deemed representations and not warranties." In the case last above cited it was pointed out, on authority, that there was a broad distinction between statements made in answer to inquiries or otherwise; that in the one case the answers were made material by the act of the assured, whether they were in fact or not, while in the other case, even though the statements are made a part of the policy, they are not efficacious as warranties, although material in fact. The statute appears to have been designed to make the rule certain, and, unless the defendant is able to show that the answers are material to the contract and are false and were relied upon by the insurer, there is no such fraud as to invalidate the contract. Becker v. Colonial Life Ins. Co., supra; Murphy v. Colonial Life Ins. Co., 83 Misc. Rep. 475, 145 N. Y. Supp. 196; approved, 163 App. Div. 875, 876, 147 N. Y. Supp. 565.

[6, 7] This being the rule, it is entirely certain that the alleged misstatement of the insured's then present employer's name did not have any bearing upon the contract; it was not in any sense material. It may be that as to the rating of the insured's risk the answer in reference to the character of the employment was material, but it was not relied upon as an inducement to the making of the contract, nor is there any evidence from which it can be said that the statement made by the insured was knowingly false. As to the alleged false statement as to the relationship of the insured to the beneficiary named in the policy, there is nothing to suggest that the defendant would have hesitated to issue the policy for the required consideration if it had known that the beneficiary was not the cousin of the insured but was, on the other hand, his boarding mistress, to whom he owed a considerable sum of money. It was in no sense material to this contract, for the insured had a perfect right to take out a policy upon his own life and to make it payable to his own estate or to any one he might choose. If the plaintiff had been the applicant, there might be some reason for requiring her to show an insurable relation to Mr. Simpson, but the insured himself labored under no such limitation, and the statement was entirely immaterial.

[8] But there is another ground on which this judgment may rest. The evidence clearly warranted the jury in finding that all of the statements made by the insured were true as made, but that the defendant's agent, who filled out the application blank and directed the insured where to sign the same, had failed to record the answers as made; and the authorities are not in conflict that, under such circumstances, the defendant is estopped to urge the defense. Rowley v. Empire Insurance Co., 36 N. Y. 550; New Jersey Mutual Life Ins. Co. v. Baker, 94 U. S. 610, 614, 24 L. Ed. 268, and authorities there cited; Mead v. Saratoga & Washington Fire Ins. Co., 81 App. Div. 282, 80 N. Y. Supp. 885; affirmed, 179 N. Y. 537, 71 N. E. 1134.

The judgment and order appealed from should be affirmed, with costs.