WILLIAM P. PARKS, Plaintiff, *v.* SAINT LAWRENCE LIFE ASSOCIATION, Defendant.

Municipal Court of New York, Borough of Manhattan, Seventh District, November 16, 1930.

*Griggs & Watts*, for the plaintiff.

*Gould & Wilkie* [*Elgin L. McBurney* of counsel], for the defendant.

PRINCE, J. The plaintiff brings this action for $200 under a policy of insurance issued upon the application of his alleged wife, the decedent, who named the plaintiff as the beneficiary and stated

in said application that the relationship of plaintiff to her was that of husband. Although the decedent was living with plaintiff at the time she applied for the policy, she had previously been legally married to another man, from whom she had never been divorced, and plaintiff had previously been legally married to another woman, from whom he had never been divorced. Neither plaintiff nor decedent knew of the whereabouts of their respective legal spouse, or whether they were dead or alive, at the time the the policy was issued. There was evidence at the trial that the lawful husband of decedent died several months after the policy was issued.

It was not disputed, therefore, that in contemplation of law the plaintiff and decedent had never been husband and wife, and the statement made in the application by decedent that plaintiff was her husband was false.

Although, in the making of this false statement, no fraudulent intent was proven at the trial, yet it is urged by the defendant that the misstatement was not merely a misrepresentation, but constituted a warranty, and whether made with or without fraudulent intent, it being in fact false, vitiated and voided the contract of insurance, and that, therefore, defendant is not liable thereunder.

Defendant, in support of its contention, offers the case of *Gaines* v. *Fidelity & Casualty Co. of N. Y.* (188 N. Y. 411), wherein, upon facts similar to those in the present case; the court held that the insurer was entitled to know the actual relationship which the person for whom the assured desired the benefit of the insurance contract sustained to him, for it bore upon the risk which it was to assume, and a false statement in that regard defeated a recovery under the policy.

The legal force of that case, however, is much impaired by a much more recent decision in the case of *Moore* v. *Prudential Casualty Company* (170 App. Div. 849). In that case the decedent erroneously stated in the application that plaintiff was his cousin, and the court nevertheless allowed a recovery, holding that an " immaterial statement made by the insured in his application as to his relationship to the beneficiary, which did not induce the insurance company to enter into the contract *even though indorsed on and made part of the policy*, will not invalidate it."

But it is not necessary, in deciding this case, to determine whether or not the representation was a warranty, or whether or not it was material, because, as counsel for the plaintiff points out, by the statutory enactment contained in section 58 of the Insurance Law these considerations are eliminated unless the application be indorsed upon or attached to the application. This section is as follows:

" Every policy of insurance issued or delivered within the state on or after the first day of January, nineteen hundred and seven, by any life insurance corporation doing business within the state shall contain the entire contract between the parties and nothing shall be incorporated therein by reference to any constitution, by-laws, rules, application or other writings *unless the same are indorsed upon or attached to the policy* when issued; and all statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties. Any waiver of the provisions of this section shall be void."

In the case at bar the application was neither indorsed upon nor attached to the policy. It is apparent that unless either of these things be done the application cannot be deemed a part of the contract of insurance. The policy of insurance involved in this case recited that it was issued in consideration of the statements contained in the application, which statements the insured warrants to be full, complete and true. Such an incorporation by reference is contrary to the express wording of the statute above set forth. The intent of that section of the Insurance Law was amplified in the case of *Archer* v. *Equitable Life Assurance Society* (169 App. Div. 43), wherein the court stated as follows: " The legislative intent as expressed in the section, seems to me clear. It is to require insurance companies, when issuing policies, to set out therein the entire contract of insurance, and every statement or representation which induced the company to enter into the agreement, and upon which it relied in so doing, if thereafter to be available as a defense to the policy, is to be annexed to and made a part of it. The construction thus given is fair to both parties. Notice is thus given that the insurance company relied in issuing the policy upon the truth of the statements and representations made."

Since the only defense proven at the trial and relied upon by the defendant is that the relationship of the plaintiff to the decedent was misrepresented by the decedent in the application, and since that defense, in view of the statute, is not available to the defendant because the application was neither indorsed upon nor attached to the policy, there must be a judgment for the plaintiff for the amount demanded.

Judgment for the plaintiff for $200.