(Supreme Court, Appellate Division, Second Department.    November 22, 1912.)

1. APPEAL AND ERROR (§ 154*)—WAIVER OF APPEAL—PLEADING.
    A defendant proceeding, without objection, to trial on the pleadings as reformed by an order of court striking out allegations of the amended answer does not thereby waive his right to appeal from the order.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 957–969; Dec. Dig. § 154.*]

2. APPEAL AND ERROR (§ 103*)—ORDERS APPEALABLE.
    An order striking out allegations of a pleading is reviewable under a direct appeal therefrom, if not reviewable under the notice of appeal specified in Code Civ. Proc. § 1316, from the judgment entered after a trial on the pleadings as reformed by the order.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 699–710; Dec. Dig. § 103.*]

3. CONTRACTS (§ 98*)—FRAUD—EFFECT.
    Fraud vitiates a contract, and, if proved, is a good defense to an action thereon.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. § 447; Dec. Dig. § 98.*]

4. CONTRACTS (§ 94*)—"FRAUD"—ACTS CONSTITUTING—MISREPRESENTATIONS.
    To constitute "fraud" growing out of representations, the representations must not only knowingly have been false, but they must have been material, and relied on as an inducement to the making of the contract alleged to be vitiated by fraud.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 420–430; Dec. Dig. § 94.*
    For other definitions, see Words and Phrases, vol. 3, pp. 2943–2954; vol. 8, p. 7666.]

5. INSURANCE (§ 134*)—AVOIDANCE FOR MISREPRESENTATIONS—CONTENTS OF POLICY—STATUTORY PROVISIONS—"CONSIDERATION."
    Under Insurance Law (Consol. Laws 1909, c. 28) § 58, providing that insurance policies shall contain the entire contract, and that nothing shall be incorporated therein by reference without indorsement or attachment to the policy, a life policy, reciting that the consideration thereof is the application therefor, which is made a part of the contract, and of the payment in the manner specified of the premium stated, may not be defeated by false statements in the application and medical examination, not indorsed on or attached to the policy, to which was annexed a paper entitled "Copy of the application upon which this Policy is Issued," and in the form of questions and answers, some of which related to decedent's present and previous occupation and to his then and pre-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

vious condition, health, and habits; the word "consideration" in the policy not being limited to its technical definition of some right, interest, profit, or benefit accruing to the one party or some detriment or loss given or undertaken by the other, but being used in the sense of inducing cause.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 214–217; Dec. Dig. § 134.*

For other definitions, see Words and Phrases, vol. 2, pp. 1444–1449; vol. 8, p. 7612.]

Appeal from Special Term, Kings County.

Action by Edward A. Becker, as executor of Martin Becker, deceased, against the Colonial Life Insurance Company. From a judgment for plaintiff, and from an order denying a new trial, and from an order of the Special Term (75 Misc. Rep. 213, 133 N. Y. Supp. 481) striking out allegations in the answer, defendant appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

John F. Carew, of Brooklyn, for appellant.

Arthur Furber, of New York City (H. H. Glass, of New York City, on the brief), for respondent.

BURR, J. This action is brought upon a life insurance policy. The issuing of the policy, payable to plaintiff, the death of the insured, and the service of proofs of death are admitted. By its amended answer defendant alleged that the policy was issued in reliance upon a written application therefor, which was made a part thereof, and also upon a medical examination of plaintiff's testator, made by a physician on behalf of defendant; that in said written application he willfully made false and fraudulent statements as to his previous and future occupation, as to his then and previous condition of health and habits; and that at said medical examination he made statements as to these and other matters. Defendant then alleged the falsity of some of the statements contained in said application, and of others contained in said medical examination, which statements are specified, and further alleged that all of the false statements contained both in said application and examination were known to be false and untrue, and were made with intent to deceive; that defendant relied upon them and was deceived thereby; that such statements were material; and that because of such fraud said policy was void.

Plaintiff moved to strike from the amended answer the allegations respecting the false and fraudulent character of any statements or representations contained in the medical examination, which motion was granted. The action was then brought to trial upon the pleadings as reformed by the order of the court, and resulted in a verdict for plaintiff. Thereafter defendant appealed from the order granting the motion striking out portions of its answer, and subsequently appealed from the judgment, specifying in this notice of appeal that it would bring up for review the order referred to. No contention.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

is made that upon the pleadings as they stood when the case was tried any error was committed in the course of the trial, or that the verdict is against the weight of the evidence.   Two questions only are presented:  First, did defendant waive its right to appeal from said order by proceeding to trial without, so far as the record discloses, any objection to the determination of the issues upon the pleadings as they then stood; and, second, if not, was the order striking out portions of defendant's answer properly made?

[1, 2] We think that the first question must be answered in the negative.   Stokes v. Stokes, 87 Hun, 152, 33 N. Y. Supp. 1024.   If the order may not be reviewed under the notice of appeal from the judgment (Code Civ. Proc. § 1316), it certainly may be under the direct appeal therefrom.   Raff v. Koster, Bial & Co., 38 App. Div. 336, 56 N. Y. Supp. 997; Gleason v. Northwestern Mut. Life Ins. Co., 113 App. Div. 186, 98 N. Y. Supp. 991.

[3, 4] We think that the second question must be answered in the affirmative.   Fraud vitiates any contract, and, if proved, constitutes a good defense to an action based thereon.   But to constitute fraud growing out of representations, such representations must not only have been knowingly false, but, in addition, they must have been material, and relied upon as an inducement to the making of the contract.   20 Cyc. 39; Brackett v. Griswold, 112 N. Y. 454, 20 N. E. 376; Powell v. F. C. Linde Co., 58 App. Div. 261, 68 N. Y. Supp. 1070, affirmed 171 N. Y. 675, 64 N. E. 1125.

[5] Annexed to the policy is a paper entitled "Copy of the application upon which this policy is issued," which paper is in the form of questions and answers, some of which relate to decedent's present and previous occupation, and to his then and previous condition, health, and habits.   The policy recites that the consideration for the issuing thereof is *the application therefor, which is hereby made a part of this contract,* and of the payment in the manner specified of the premium above stated."   The Insurance Law (Consolidated Laws, c. 28 [Laws of 1909, c. 33] § 58) reads as follows:

"Every policy of insurance issued or delivered within the state on or after the first day of January, nineteen hundred and seven, by any life insurance corporation doing business within the state shall contain the entire contract between the parties and nothing shall be incorporated therein by reference to any constitution, by-laws, rules, *application* or other writings unless the same are indorsed upon or attached to the policy when issued; and all statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties.  Any waiver of the provisions of this section shall be void."

This provision first appeared as part of the statutory regulation of the business of life insurance in 1906 (Laws of 1906, c. 326), and was in effect when the policy in suit was issued.   The purpose of the legislation doubtless was to prevent controversies frequently arising as to the accuracy of the record of statements made by the insured at the time when the application for the policy was made.   Reading the language of the policy in the light of the words of this statute, and keeping in mind the remedy sought by such legislation, we think that the word "consideration" therein is not limited to its tech-

nical definition of "some right, interest, profit, or benefit accruing to the one party, or some forbearance, detriment, loss, or responsibility, given, suffered, or undertaken by the other" (Wald's Pollock on Contracts [3d Ed.] 185; Rector v. Teed, 120 N. Y. 583, 24 N. E. 1014; Hamer v. Sidway, 124 N. Y. 538, 27 N. E. 256, 12 L. R. A. 463, 21 Am. St. Rep. 693), but rather is used in the sense of "inducing cause." The parties had a right to stipulate, in connection with the making of this contract, that the inducing cause thereof, so far as defendant was concerned, was certain specified statements and representations, and none others. That there might be no misunderstanding upon this point, the statute required that the "application" relied on should be attached to the policy. Having so stipulated, and having attached one application thereto, if any others were made, the defendant in effect said: "These are not material, and are not relied upon by me." We cannot find that this question has previously been determined by any appellate court in this state; but statutes containing similar provisions have been thus construed in other states. See Seiler v. Economic Life Association, 105 Iowa, 87, 74 N. W. 941, 43 L. R. A. 537; Rauen v. Prudential Ins. Co., 129 Iowa, 725, 106 N. W. 198; Kirkpatrick v. London Guaranty & Accident Co., 139 Iowa, 370, 115 N. W. 1107, 19 L. R. A. (N. S.) 102; Imperial Fire Ins. Co. v. Dunham, 117 Pa. 460, on page 472, 12 Atl. 668, 2 Am. St. Rep. 686. The defense sought to be interposed here is not for a breach of the conditions of the policy itself, treated as an existing contract, as in Wilcox v. Continental Ins. Co., 85 Wis. 193, 55 N. W. 188, but for fraud in connection with the inception thereof.

The cases relied upon by appellant, of Holden v. Prudential Ins. Co., 191 Mass. 153, 77 N. E. 309, Johnson v. American National Life Ins. Co., 134 Ga. 800, 68 S. E. 731, Southern Life Ins. Co. v. Hill, 8 Ga. App. 857, 70 S. E. 186, and Empire Life Ins. Co. v. Gee, 171 Ala. 435, 55 South. 166, are not in point. The Massachusetts statute is in terms limited in its application to policies which contain a reference to the application of the insured, either as a part of the policy itself, or as having some bearing thereon; and in the Holden Case, supra, it appeared that no application was attached to the policy, nor did it contain any reference thereto. The court said:

"The policy and this application are therefore not within the terms of the statute"

—and therefore evidence of fraud in connection with the application was competent. We are not called upon to decide at this time what the effect would have been under the New York statute if neither decedent's personal application, nor any other paper in the nature of an application, had been attached to the policy. In this case his personal application was attached; and if we construe the contract correctly it in effect said that in reliance upon that alone the policy was issued. If the defendant desired to consider the examination before the physician, and the decedent's answers to the questions contained therein, as a part of the application relied upon, it should have attached it to the policy. In Johnson v. American National Life Ins. Co., supra, the defense was founded upon mis–

statements as to the age of the assured. It does not appear whether the alleged misstatement as to age was contained in any application, either oral or written, whether there was in the policy any reference to any application for insurance, or whether any such application was attached to the policy. Under such circumstances the language contained in the opinion in that case as to the effect of fraud must be limited to the facts therein appearing. In the case of Southern Life Ins. Co. v. Hill, supra, judgment went for the defendant, upon the ground that there was no valid delivery of the policies; and the statements in the opinion as to the effect of fraud in the application were obiter dicta. The statute of Alabama (2 Code of Alabama 1907, §§ 4572 to 4579) contains no provisions sufficiently similar to that here under consideration as to make the decisions of that state helpful. The words of that statute are that:

"No life, nor any other insurance company, nor any agent thereof, shall make any contract of insurance, or agreement as to policy contract, other than is plainly expressed in the policy issued thereon." Id. § 4579.

Although there is nothing in this statute which in express terms requires, as does our statute, that "applications" relied upon should be indorsed upon or attached to the policy, yet in the case of Manhattan Life Ins. Co. v. Verneuille, 156 Ala. 592, 47 South. 72, the court held that the purpose of this statute was "to relieve the insured from any statements or agreements not plainly expressed in the policy." In some of the later decisions in that state, the scope of this language was somewhat limited; and the court held that, while under section 4579 any *contract* or *agreement* relating to same is not binding on the insured, unless expressed in the policy, "misrepresentations in the application, * * * *and which are not made a part of the contract of insurance, or of an agreement relating to same,* are binding on the insured, although not expressed in the policy contract, provided, of course, it is made with the actual intent to deceive, or the risk is thereby increased." Mutual Life Ins. Co. v. Allen, 166 Ala. 159, 51 South. 877; Empire Life Ins. Co. v. Gee, supra. In the latter case the distinction between the Alabama statute and that of some other states is pointed out, and the court says:

"In some of the states the statutes forbid the introduction in evidence of applications not attached to policies; but in the statute of this state there is no inhibition against the proof of representations made in the application, to the extent that they may be relevant and material to a plea of fraud in the procurement of the policy."

We think that the order striking out the defenses based upon the alleged misstatements in connection with the medical examination was properly made. The order striking out these defenses must be affirmed, with $10 costs and disbursements, and the judgment and the order denying the motion for a new trial must also be affirmed, with costs. All concur.