(81 Misc. Rep. 228.)

### AARONSON v. NEW YORK LIFE INS. CO.

(Supreme Court, Appellate Term, First Department. June 24, 1913.)

1. INSURANCE (§ 262*)—LIFE POLICY—REPRESENTATIONS—APPLICATION—ATTACHMENT TO POLICY.

Insurance Law (Consol. Laws 1909, c. 28) § 58, provides that every insurance policy delivered after January 1, 1907, shall contain the entire contract between the parties, and nothing shall be incorporated by reference unless indorsed on or attached to the policy, and all statements purporting to be made by the insured shall, in the absence of fraud, be deemed representations and not warranties. *Held* that, where the policy contains no recital that it is issued in consideration of an application therefor which is made a part of the contract, false representations made to induce the issuance of the policy, whether oral or in a paper not attached thereto, if material, may be relied on by the insurer to defeat a recovery.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 557; Dec. Dig. § 262.*]

2. INSURANCE (§ 292*)—APPLICATION—FALSE REPRESENTATIONS—CONSULTING PHYSICIAN.

Where insured, in an application for insurance, in answer to a question as to how long since he had consulted or had been under the care of a physician, stated that it was the preceding summer, the application having been made January 24, 1911, when in fact he had visited distinguished specialists two or three times a week for a disease of the eye, and but one week prior to his application had been introduced for examination at a clinic at which 40 or 50 physicians were present, the representation was false.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 691, 692; Dec. Dig. § 292.*]

3. INSURANCE (§ 253*)—APPLICATION—DEFENSES.

An insurance company could not resist a recovery on a life policy by reason of alleged false representations in an application for a different policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 538–542; Dec. Dig. § 253.*]

Seabury, J., dissenting.

Appeal from City Court of New York, Special Term.

Action by Bessie Aaronson against the New York Life Insurance Company. From an order setting aside a verdict for plaintiff, she appeals. Reversed, with directions to reinstate.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Gaston Rosenstiel, and Bernard Gordon, both of New York City, for appellant.

James H. McIntosh, of New York City, for respondent.

BIJUR, J. This action is brought to recover $2,000, the amount of an insurance policy issued on the life of one Aaronson. The court submitted to the jury two questions:

(1) Did the applicant make a false answer to the question, "How long since you consulted or have had the care of a physician?" to which his answer had been, "As above," meaning last summer. The application was made January 24, 1911.

(2) Was the Defendant's. Exhibit B, namely, the application, containing, among others, this question and answer, the application for the policy in suit?

As the defense was, in substance, fraud or false representations inducing the making of the policy, it is evident that, if the jury answered either of the above questions in the negative, the verdict must have been for defendant, and it was for the plaintiff, it is clear that the jury must have answered either or both of these questions in the negative.

[1] The application, containing the question and the answer complained of, was not annexed to the policy. The plaintiff appellant contends that therefore, under section 58 of the Insurance Law (Consol. Laws 1909, c. 28), it was not available to the defendant as a false representation tending to defeat the validity of the policy. I cannot, however, agree with this contention.

I find nothing in the case of Becker v. Colonial Life Ins. Co., 153 App. Div. 382, 138 N. Y. Supp. 491, to sustain that construction. On the contrary, the Becker Case, as I read it, decides merely that, where a policy recites that it is issued "in consideration of the application therefor, which is hereby made a part of this contract," statements made by the assured in other papers or other applications are necessarily immaterial as representations. By the express terms of the contract, it is agreed that they have not been relied upon, and therefore they cannot be availed of by the insurer to avoid the policy.

It seems to me, however, that, where the policy contains no such recital, false representations made to induce its issuance, and whether oral or in a paper not attached to the policy, may, if material, be relied upon by the insurer to defeat a recovery. The statute does not in terms or impliedly relate to such contingency.

The case of Wheelock v. Home Ins. Co., 115 Minn. 177, 131 N. W. 1081 (Minn., 1911), construing the Minnesota law of 1907, cited by the appellant, has no bearing upon the present controversy, because the language of the Minnesota statute is altogether different from ours in this respect. The same consideration renders unavailable as precedents many other cases cited by the appellant in the courts of sister states. So far, therefore, as the question of law raised by the order setting aside the verdict is concerned, I think that the learned trial court was right.

[2] On the question of the falsity of the statements made by the applicant in answering the question, "How long since you consulted or have had the care of a physician?" I think that his answer was plainly

a misrepresentation of the truth. The question itself is unambiguous, under the circumstances disclosed in this case, and the reasoning in the case of Stewart v. Equitable Mutual Life Ins. Co., 110 Iowa, 528, 8 N. W. 782, is therefore inappropriate, even if we were inclined to adopt it as correct.

Nor was the ailment for which the assured had in the interval consulted an eye specialist a mere casual one. The uncontradicted evidence is that he had visited distinguished specialists two or three times a week for months, and but one week prior to his application had been introduced for examination at a clinic at which 40 or 50 physicians were present. He must have been well aware of the fact that he had some serious illness, information of the existence of which he willfully suppressed.

[3] This consideration, however, is insufficient to support the order of the learned trial judge setting the verdict aside; for, as to the second question submitted to the jury, not only does the evidence fail to establish that the misrepresentation complained of by the defendant was made in the application for the policy on which this suit is brought, but, on the contrary, the evidence of the defendant's medical supervisor at a crucial point is as follows:

"The answers in that report relate to an application for $1,000. Such application is not the one upon which a $2,000 policy was issued."

In this state of the record, I do not see how any verdict other than one for the plaintiff could have been rendered or be sustained. I believe, therefore, that the order setting aside the verdict should be reversed, with costs, and the verdict reinstated, with costs.

GERARD, J., concurs.

SEABURY, J. I do not agree with the views advanced by my learned colleagues as reasons for the reversal of the order appealed from. This action is brought to recover $2,000, the amount of an insurance policy issued by the defendant on the life of one Aaronson. The policy was issued January 26, 1911. The beneficiary named therein was the plaintiff, who was the mother of the insured. The first year's premium was paid in advance. On February 17, 1911, the insured died, and proof of death was subsequently furnished to the defendant as required by the terms of the policy. Two questions were submitted by the learned court below to the jury for their determination, namely: First, did the applicant make a false answer to question 10, contained in Defendant's Exhibit B, put to him by the defendant's medical examiner upon his examination for the policy? and, second, was the Defendant's Exhibit B actually the paper containing the questions put to the applicant by the defendant's medical examiner and the applicant's answers thereto upon his medical examination for the policy? The jury rendered a verdict for the plaintiff, thereby answering both of these questions in the negative. The court below set aside the verdict of the jury on the ground that it was contrary to the evidence and contrary to law. From the order entered upon this motion, the plaintiff appeals to this court.

The Defendant's Exhibit B, referred to in the questions submitted to the jury, is an application for insurance on the life of the insured, and purports to contain answers by the latter to certain questions set forth in the application. The alleged false answers were made to questions numbered 9 and 10 on the application. The questions, together with the answers alleged to have been made thereto, are as follows:

"(9) What illnesses, diseases, or accidents have you had since childhood? (The examiner should satisfy himself that the applicant gives full and careful answers to this question.)

"Name of disease? Acute indigestion—ptomaine.

"Number of attacks.

"Date.

"Duration. 2 wks.

"Severity. Last summer.

"Results. Good.

"(10) A. How long since you consulted or have had the care of a physician? B. If so, for what ailment? Name and address of physician? A. As above. B. Dr. Gershenson, 46 Henry St."

The defendant seeks to avoid liability under the policy on the ground that the insured, in making the answers set forth, failed to disclose to the medical examiner that he had other illnesses and that he had consulted other physicians. The application containing the questions, in response to which the answers of the insured were made, was not attached to or indorsed upon the policy. Under these circumstances, they are not to be deemed a part of the policy. Section 58 of the Insurance Law provides as follows:

"Every policy of insurance issued or delivered within the state on or after the 1st day of January, 1907, by any life insurance corporation doing business within the state, shall contain the entire contract between the parties, and nothing shall be incorporated therein by reference to any constitution, by-laws, rules, application or other writings unless the same are indorsed upon or attached to the policy when issued; and all statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties. Any waiver of the provisions of this section shall·be void."

The purpose of this legislation was, as I understand it, that the policy of insurance should itself be treated as the entire contract between the parties, unless other provisions were indorsed upon or attached to the policy when issued. In this case the application upon which the defendant predicates its defense was not indorsed upon or attached to the policy, and therefore nothing contained in it can be used as a defense to an action upon the policy.

Becker v. Colonial Life Insurance Co., 153 App. Div. 382, 138 N. Y. Supp. 491, in my judgment, is decisive of the present appeal. The opinion in that case discusses the authorities in other states, and comments upon the cases upon which the learned court below relied in setting aside the verdict of the jury.

Moreover, in the present case, an issue of fact was presented as to whether or not the application in which the alleged false answers were contained was the application which the insured made for the policy upon which the action is brought. On its face, the application seems to have been made for a different policy of insurance from that which was issued to the insured. In view of the fact that this application

was not indorsed upon or attached to the policy that was issued, the question is not important, although the fact that there was a dispute as to which application the defendant relied upon in issuing its policy shows the wisdom of the rule now embodied in section 58 of the Insurance Law (Consol. Laws, 1909, c. 28).

I vote in favor of reversing the order appealed from and reinstating the verdict, with costs to the appellant.