cumstances with which he was dealing, and we are not convinced that there was any intention on the part of the plaintiff to defraud the defendant in any of the matters alleged, and the jury appears to have taken this view of the evidence.

We do not think the evidence warranted the conclusion that the fire was due to any fraudulent act on the part of the plaintiff or its employés, or that the verdict in favor of the plaintiff is against the weight of evidence, or that there is any good reason for disturbing the judgment.

The judgment and order appealed from should be affirmed, with costs. All concur.

_____

(83 Misc. Rep. 475)

### MURPHY v. COLONIAL LIFE INS. CO. OF AMERICA.

(Supreme Court, Appellate Term, First Department. January 3, 1914.)

INSURANCE (§ 134*)—LIFE INSURANCE—BREACH OF CONDITIONS—STATUTE.

Under Insurance Law (Consol. Laws 1909, c. 28) § 58, providing that every life policy shall contain the entire contract, statements made by the insured in the application cannot be considered where they were not made a part of the policy; the provision that all statements made by the insured should be deemed representations and not warranties relating only to those which were so incorporated.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 214-217; Dec. Dig. § 134.*]

Bijur, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Mary Murphy against the Colonial Life Insurance Company of America. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Magner & Carew, of Brooklyn (John F. Carew, of Brooklyn, of counsel), for appellant.

Charles Moise, of New York City (Thomas A. McCole and Edward Potter, both of New York City, of counsel), for respondent.

SEABURY, J. This action is brought upon an industrial life insurance policy for $360, the premium upon which was payable weekly. As a defense, the defendant claims that the policy was procured by false and fraudulent representations contained in the application for the policy. The alleged fraud consists in the answer, "No," to the question in the application blank, "Is the proposed now insured in any other company, association or society, and if so for what amount?" The application was not indorsed on the policy or attached thereto, and for that reason the learned court below excluded evidence as to the application and as to the alleged falsity of the answer said to be contained therein. This ruling was made in deference to section 58 of the

_____

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Insurance Law (Consol. Laws 1909, c. 28). The section provides as follows:

"Every policy of life insurance issued after January 1, 1907, shall contain the entire contract between the parties, and nothing shall be incorporated therein by reference to any constitution, by-laws, rules, application or other writings unless the same are indorsed upon or attached to the policy when issued, and all statements purporting to be made by the insured shall, in the absence of fraud, be deemed representations and not warranties. Any waiver of the provisions of this section shall be void."

I think that the ruling of the court below is sustained by the case of Becker v. Colonial Life Ins. Co., 153 App. Div. 382, 138 N. Y. Supp. 491. I had occasion to express the same view in Aaronson v. New York Life Ins. Co., 81 Misc. Rep. 228, 142 N. Y. Supp. 568, although my learned colleagues held that the representations made to induce the issuance of the policy, whether oral or in a paper not attached to the policy, may, if material, be relied upon by the insurer to defeat a recovery.

This interpretation seems to me to nullify the statute and prevent the accomplishment of its remedial purposes. The clause of section 58 of the Insurance Law, upon which the argument of the appellant is based, provides as follows:

"And all statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties."

This clause is not an exception to the general rule declared in the body of section 58. The clause, as I understand it, means that, if the insurer intends to claim that it was induced to enter into a policy by virtue of any statement of the insured, it must express that statement in the policy or attach it thereto, and such statement so attached shall be deemed a representation and not a warranty, but any statement so attached, whether a representation or not, shall upon proof of fraud avoid the policy. Thus interpreted, the clause is given a meaning which does not defeat the purpose of the statute. I regard this interpretation as in accord with that given to the statute in Becker v. Colonial Life Insurance Co., supra, where Mr. Justice Burr said:

"Fraud vitiates any contract, and, if proved, constitutes a good defense to an action based thereon. But to constitute fraud growing out of representations, such representations must not only have been knowingly false, but in addition they must have been material, and relied upon as an inducement to the making of the contract." 20 Cyc. 39; Brackett v. Griswold, 112 N. Y. 454, 20 N. E. 376; Powell v. Linde Co., 58 App. Div. 261, 68 N. Y. Supp. 1070, affirmed 171 N. Y. 675, 64 N. E. 1125.

I advise that the judgment be affirmed, with costs.
Judgment affirmed, with costs.

GUY, J., concurs.

BIJUR, J. (dissenting). This action was brought to recover on what is known as an industrial life insurance policy.

The serious question presented on this appeal arises out of the exclusion by the learned court below of all evidence of the falsity of a statement made by the insured in her application, which was not at-

tached to the policy in suit, in answering question No. 12, "Is life proposed, now insured in any other company?" to which the answer was, "No." This testimony was excluded on the theory that section 58 of the Insurance Law forbids its consideration in aid of a defense of fraud in the procurement of the policy. Section 58 reads as follows:

"Every policy of life insurance issued after January 1st, 1907, shall contain the entire contract between the parties, and nothing shall be incorporated therein by reference to any other writings unless the same are indorsed upon or attached to the policy when issued and the statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties. Any waiver of the provisions of this section shall be void."

From the record, it appears evident that the learned court below was urged by defendant-appellant to disregard section 58 because of section 101 of the Insurance Law, and correctly held that the general language of section 58 was not affected by the latter section.

It appears also that the case of Becker v. Colonial Life Ins. Co., 153 App. Div. 382, 138 N. Y. Supp. 491, decided in November, 1912, was relied upon. The Becker Case, however, approved the exclusion of a representation made in a statement not indorsed upon a policy only because the policy there in suit provided that "the consideration for the issuing thereof is 'the application therefor, which is hereby made a part of this contract.'" The application was actually annexed to the policy and called "a copy of the application upon which this policy is issued." The court there said:

"The parties had a right to stipulate * * * that the inducing cause of the contract * * * was certain specified statements and representations, and none others. * * * Having so stipulated, and having attached one application to the policy, if any others were made, the defendant in effect said, these are not material and are not relied upon by me."

In other words, the exclusion of evidence of representations contained in an application not annexed to the policy was sustained because, by the language of the policy itself, the representations were rendered immaterial. There is no such condition presented in the case at bar, and indeed, in the Becker Case, the court said, at page 386 of 153 App. Div., page 494 of 138 N. Y. Supp.:

"We are not called upon to decide at this time what the effect would have been under the New York statute if neither decedent's personal application nor any other paper in the nature of an application had been attached to the policy."

Section 58 of the Insurance Law provides only that the entire contract, as executed, must be contained in the policy, and that nothing shall be incorporated therein by mere reference to other documents unless they are attached to the policy. It was perhaps quite competent for the Legislature to have enacted that no statement made by the assured unless the statement or a copy thereof be attached to the policy, shall be available to avoid the same; but I cannot find, either by expression or implication, any intimation to that effect in section 58.

Wheelock v. Home Life Ins. Co., 115 Minn. 177, 131 N. W. 1081 (Minnesota, 1911) turned upon the language of a Minnesota statute

which is altogether different from ours in this respect.   Minnesota Laws 1907, c. 220 (Gen. St. 1913, §§ 3470–3483), provides that every insurance policy must contain the following clause:

"All statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties, and no such statements shall avoid such policy unless it (sic) is contained in a written application, and a copy of such application shall be indorsed upon or attached to the policy when issued."

The Supreme Court of Minnesota held that, under a provision so broad, a false statement in an application not attached to the policy could not be availed of to defeat it.   And in the Becker Case it is pointed out that the same distinction, i. e., between statements forming a part of a contract, and statements made anterior to its execution for the purpose of inducing the same, is noted in Mutual Life Ins. Co. v. Allen, 166 Ala. 159, 51 South. 877.   See, also, Empire Life Ins. Co. v. Gee, 171 Ala. 435, 55 South. 166.

In Aaronson v. N. Y. Life Ins. Co., 81 Misc. Rep. 228, 142 N. Y. Supp. .568, I had occasion to discuss the question here presented because it was covered by the opinion of the learned court below as one of the grounds for setting aside a verdict; but the decision of this point was not directly involved in that case.   Mr. Justice Seabury, who dissented from the views of the majority on this particular question in the Aaronson Case, nevertheless, concurred in the result because of the other reasons stated in the opinion there.   Under the circumstances, it seems to be proper to decide this point in the case at bar on the assumption that there has been no adjudication thereon.

It is to be noted in passing that, through some inadvertence either in transcription or printing, two paragraphs in our opinion in the Aaronson Case have been distorted.   In the last paragraph of the prevailing opinion, the word "defendant" should read "plaintiff."   The sentence at the beginning of the third paragraph on page 229 of 81 Misc. Rep., page 569 of 142 N. Y. Supp., should read as follows:

"As the defense was, in substance, fraud or false representations inducing the making of the policy, it is evident that, if the jury answered both of the above questions in the affirmative, the verdict must have been for defendant; and, as it was for the plaintiff, it is clear that the jury must have answered one or both of these questions in the negative."

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.