MEES v. PITTSBURGH LIFE & TRUST CO.   (No. 193/28.)

(Supreme Court, Appellate Division, Fourth Department.   July 7, 1915.)

1. INSURANCE ⊚═640—ACTIONS ON POLICIES—PLEADING—LAW GOVERNING CONTRACT.

In an action on an insurance policy against a Pennsylvania corporation, alleged to be authorized to transact business in New York, the complaint alleged that the policy was executed at the home office at Pittsburgh, but did not allege where it was delivered. *Held*, that a demurrer to a defense setting up fraudulent representations in the application was properly overruled, though the application was not attached to the policy, and the defense was therefore not good under the law of New York, as the complaint did not raise a presumption that the policy was delivered in New York, or that it was a New York contract, and, if it was not a New York contract, the defense might be perfectly good.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1554, 1609–1612, 1614–1624; Dec. Dig. ⊚═640.]

2. INSURANCE ⊚═147—REQUISITES AND VALIDITY OF CONTRACT—LAW GOVERNING.

The Insurance Law of New York does not regulate the form or legal effect of insurance policies delivered elsewhere than in New York.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 293; Dec. Dig. ⊚═147.]

3. INSURANCE ⊚═134—APPLICATION—NECESSITY OF ATTACHING COPY OF APPLICATION.

Insurance Law (Consol. Laws, c. 28) § 58, provides that every policy of insurance issued by any life insurance company doing business within the state shall contain the entire contract, that nothing shall be incorporated therein by reference to the application or other writings, unless they are indorsed upon or attached to the policy, and that all statements purporting to be made by the insured shall, in the absence of fraud, be deemed representations, and not warranties. *Held* that, if a policy was delivered in New York and was a New York contract, fraudulent representations in the application as to insured's health, habits, and other insurance did not affect the insurer's liability, where the application or statements of insured were not attached to and made a part of the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 214–217; Dec. Dig. ⊚═134.]

Appeal from Special Term, Erie County.

Action by Apolina Kurgan Mees against the Pittsburgh Life & Trust Company. From an order overruling plaintiff's demurrer to the second defense pleaded in defendant's answer, plaintiff appeals. Affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Michael M. Cohn, of Buffalo, for appellant.
Foster B. Turnbull, of Buffalo, for respondent.

PER CURIAM.   [1] We think the order overruling the demurrer must be sustained, for the reason that it does not appear that the insurance policy sued on was made or delivered in this state.   Defendant is a Pennsylvania corporation, and it appears from its answer that the policy was executed at its home office in Pittsburgh, but whether

⊚═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

delivered there or elsewhere is not alleged. It is alleged in the complaint that the policy was executed by defendant's officers at Pittsburgh, Pa., and delivered to Piotra Kurgan, without alleging where it was so delivered. The complaint also alleges that defendant "was and is duly authorized and licensed to transact its business within the state of New York"; also "that on or about April 11, 1914, the defendant, in consideration of the payment to it by Piotra Kurgan, of the city of Lackawanna, county of Erie, state of New York, of the sum of one hundred nine dollars and sixteen cents, the annual premium paid in advance on the delivery of its policy of insurance, * * * insured the life of the said Piotra Kurgan," etc.

[2, 3] We think these allegations are not sufficient to show or raise the presumption that the policy was delivered in this state. It may have been delivered in Pennsylvania, or elsewhere than in New York; if so, the Insurance Law does not apply to regulate its form or legal effect. If it is not a New York contract, the defense pleaded may be perfectly good. It is proper, however, to say that, should it develop on the trial that it is, in fact, a New York contract, the defense pleaded, namely, fraudulent representations of the insured in his application for the policy as to his health, habits, and other insurance cannot be sustained, inasmuch as the application or statements of insured are not attached to and made a part of the policy, as required by section 58 of the Insurance Law (Laws 1909, c. 33). We concur in the construction placed on this section 58 of the statute in Murphy v. Colonial Life Ins. Co. of America, 83 Misc. Rep. 475, 145 N. Y. Supp. 196; affirmed 163 App. Div. 875, 147 N. Y. Supp. 565.

The order overruling the demurrer should be affirmed, with $10 costs and disbursements. All concur.