## ARCHER v. EQUITABLE LIFE ASSUR. SOCIETY OF UNITED STATES. (No. 7534.)

(Supreme Court, Appellate Division, First Department. July 9, 1915.)

INSURANCE ⬡⟹250—LIFE INSURANCE—DEFENSES—STATUTE.

Under Insurance Law (Consol. Laws, c. 28) § 58, providing that every life policy shall contain the entire contract between the parties, that nothing shall be incorporated therein by reference to any constitution, application or other writing, unless indorsed on or attached to the policy when issued, and that all statements by the insured, in the absence of fraud, shall be deemed representations and not warranties, neither fraud and misrepresentation on the part of insured in procuring the issuance of the policy, nor a collateral agreement that it should not take effect until the first premium was paid during the good health of insured, neither of which was indorsed on or attached to the policy, could be set up as a defense to an action thereon.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 539; Dec. Dig. ⬡⟹250.]

Ingraham, P. J., dissenting, and Hotchkiss, J., dissenting in part.

---

⬡⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Special Term, New York County.

Action by Georgia C. Archer against the Equitable Life Assurance Society of the United States. From an order granting plaintiff's motion for judgment on the pleadings, defendant appeals. Affirmed, with leave to defendant to serve an amended answer.

· Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Allan McCulloh, of New York City, for appellant.
John B. Stanchfield, of New York City, for respondent.

McLAUGHLIN, J. On the 1st of July, 1912, the defendant issued a policy of insurance upon the life of Joseph D. Carroll. After his death the beneficiary brought this action to recover thereon. After issue was joined, the plaintiff moved, under section 547 of the Code of Civil Procedure, for judgment on the pleadings. The motion was granted, and defendant appeals.

The complaint is in the usual form, with a copy of the policy attached thereto and forming a part thereof. The answer admits all of the material allegations of the complaint, and sets up two separate defenses of fraud and misrepresentation on the part of the insured in procuring the issuance of the policy, and also a collateral agreement to the effect that the policy was not to take effect until the first premium was paid during the good health of the insured; it being alleged that at the time the first premium was paid he was not in good health.

I am of the opinion the order appealed from should be affirmed. As to the first two defenses, the false representations relied upon as constituting a defense are, admittedly, not indorsed upon or in any way attached to the policy. The question presented, therefore, is whether under section 58 of the Insurance Law such representations, even though not indorsed upon or attached to the policy, may be proved when the policy is sought to be enforced for the purpose of showing that it never had any legal inception by reason of the fraud practiced upon and misrepresentations made to the insurance company. Section 58 of the Insurance Law provides:

"Every policy of [life] insurance issued * * * after January 1, 1907, * * * shall contain the entire contract between the parties and nothing shall be incorporated therein by reference to any constitution, by-laws, rules, application or other writings unless the same are indorsed upon or attached to the policy when issued; and all statements purporting to be made by the insured shall, in the absence of fraud, be deemed representations and not warranties. Any waiver of the provisions of this section shall be void."

The appellant contends that the purpose of this section was merely to abolish the distinction between warranties and representations, and to require that the entire contract shall be contained in the policy and the papers attached thereto. But it is quite evident that the Legislature had in mind an additional purpose, which was to prevent, so far as could be, controversies which had theretofore arisen between the insured and insurer as to the accuracy of the record of statements made by the former at the time the policy was applied for. Becker v. Colonial Life Insurance Co., 153 App. Div. 382, 138 N. Y. Supp. 491. In

the Becker Case action was brought to enforce a policy which recited that it was issued "in consideration of the application therefor," which was attached to the policy.  The answer set up certain alleged false representations, some of which were a part of the medical examination and were not attached to the policy.  At the trial the plaintiff moved to strike from the amended answer the allegations respecting the false and fraudulent character of any statements or representations contained in the medical examination.  The motion was granted.  The plaintiff had a recovery, and on appeal one of the questions presented was the ruling striking out the portion of the amended answer to which reference has been made.  It was held that the motion was properly granted; that, the policy having stated that the consideration for it was the application of the insured, which was made a part of and annexed to it, the insurer could not, for the purpose of avoiding the policy, set out other alleged misrepresentations as an inducing cause for its issuance, since section 58 of the Insurance Law required that every such policy should contain the entire contract, and nothing should be incorporated therein by reference to other writings not indorsed upon or attached to the policy.

The question which we are now asked to pass upon, it seems to me, has been determined by this court.  I am unable to see any distinction between this case and Murphy v. Colonial Life Insurance Co., 163 App. Div. 875, 147 N. Y. Supp. 565.  There an action was brought in the Municipal Court of the City of New York upon a policy of insurance in which the defendant set up as a defense false representations which were alleged to have been made in the application for the policy. The application was neither indorsed upon nor attached to the policy, and for that reason the trial court excluded evidence as to the alleged falsity of the statements made therein.  The plaintiff had a recovery, and an appeal was taken to the Appellate Term (83 Misc. Rep. 475, 145 N. Y. Supp. 196), where the judgment of the trial court was affirmed.  Mr. Justice Seabury, who delivered the prevailing opinion, after referring to that part of section 58 of the Insurance Law which provides that all statements purporting to be made by the insured shall, in the absence of fraud, be deemed representations and not warranties, said :

"This clause is not an exception to the general rule declared in the body of section 58.  The clause, as I understand it, means that, if the insurer intends to claim that it was induced to enter into a policy by virtue of any statement of the insured, it must express that statement in the policy or attach it thereto, and such statement so attached shall be deemed a representation and not a warranty, but any statement so attached, whether a representation or not, shall, upon proof of fraud, void the policy.  Thus interpreted, the clause is given a meaning which does not defeat the purpose of the statute."

On appeal, this court, in affirming the determination, said :

"We agree with the Appellate Term in the construction of section 58 of the Insurance Law."

The legislative intent, as expressed in the section, seems to me clear. It is to require insurance companies, when issuing policies, to set out

therein the entire contract of insurance, and every statement or representation which induced the company to enter into the agreement, and upon which it relied in so doing, if thereafter to be available as a defense to the policy, is to be annexed to and made a part of it. The construction thus given is fair to both parties. Notice is thus given that the insurance company relied, in issuing the policy, upon the truth of the statements and representations made. To hold otherwise, it seems to me, is to entirely destroy one of the purposes for which the section was enacted.

Nor is the alleged fourth defense available to the defendant. This is to the effect that there was an agreement that the policy was not to take effect until the first premium was paid during the insured's good health. No such agreement is indorsed upon or attached to the policy, or referred to therein in any way. This alleged defense, therefore, is directly in conflict with section 58, which specifically requires that the policy "shall contain the entire contract between the parties." Becker v. Colonial Life Ins. Co., supra.

The order appealed from is therefore affirmed, with $10 costs and disbursements, with leave to defendant to serve an amended answer, on payment of costs in this court and in the court below.

LAUGHLIN and DOWLING, JJ., concur.

INGRAHAM, P. J. (dissenting). I do not think that section 58 of the Insurance Law applies to a case where a contract of insurance is sought to be avoided by the fraud of the person obtaining the contract. That section provides that every policy of insurance shall contain the entire contract between the parties; that nothing shall be incorporated therein by reference to any constitution, by-laws, rules, application, or other writings, unless the same are indorsed upon or attached to the policy when issued; and that all statements purporting to be made by the insured shall, in the absence of fraud, be deemed representations and not warranties. It seems to me clear that the object of this section was to prevent a policy being avoided by reason of a warranty or condition not incorporated in the policy itself, and that it has no application to a case where the policy itself is sought to be avoided as having been obtained by fraud. This intent of the statute seems to be emphasized by the language that:

"All statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties."

Here the contract is sought to be avoided by a fraud, which avoids all contracts, and I can see no reason why a policy of insurance shall be an exception to the general rule. What was said in the Becker Case, 153 App. Div. 382, 138 N. Y. Supp. 491, applied to a case where the defendant sought to inject as a defense to an action to enforce a policy a misrepresentation or breach of warranty by the assured. But where the insurance company comes in and alleges that the contract was obtained by fraud, in which the defendant must prove false representations, scienter, and reliance thereon by the insurance company, I do not think this statute applies.

I think, therefore, the order should be reversed, and the motion for judgment denied.

HOTCHKISS, J. (dissenting in part). I concur with the Presiding Justice as to the application of section 58 of the Insurance Law to the second and third defenses. As to the fourth defense, I concur with Mr. Justice McLAUGHLIN.

The order should be reversed.