I think the judgment was right and should be affirmed.

Judgment reversed, with costs, and complaint dismissed, with costs.

---

GEORGIA C. ARCHER, Respondent, *v.* EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.

First Department, July 9, 1915.

Insurance — action on life insurance policy — defense — evidence — representations and agreements by insured not indorsed on policy — Insurance Law, section 58, construed.

In an action by a beneficiary to recover upon a life insurance policy, evidence of false representations on the part of the insured in procuring the issuance of the policy are inadmissible in defense, where such representations were not indorsed upon or attached to the policy as required by section 58 of the Insurance Law.

So also evidence as to a collateral agreement to the effect that the policy was not to take effect until the first premium was paid during the good health of the insured, it being alleged at the time the first premium was paid he was not in good health, is not admissible where such agreement is not a part of the policy.

The intent of section 58 of the Insurance Law is to require insurance companies when issuing policies to set out therein the entire contract of insurance, and every statement or representation which induced the company to enter into the agreement and upon which it relied in so doing must be annexed to and made a part of the policy in order to be thereafter available as a defense.

INGRAHAM, P. J., dissented, with opinion; HOTCHKISS, J., dissented in part, with memorandum.

First Department, July, 1915.    [Vol. 169.

APPEAL by the defendant, Equitable Life Assurance Society of the United States, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of March, 1915, granting the plaintiff's motion for judgment on the pleadings after an answer had been served to the amended complaint.

*Allan McCulloh,* for the appellant.

*John B. Stanchfield,* for the respondent.

McLAUGHLIN, J.:

On the 1st of July, 1912, the defendant issued a policy of insurance upon the life of Joseph D. Carroll. After his death the beneficiary brought this action to recover thereon. After issue was joined the plaintiff moved, under section 547 of the Code of Civil Procedure, for judgment on the pleadings. The motion was granted and defendant appeals.

The complaint is in the usual form with a copy of the policy attached thereto and forming a part thereof. The answer admits all of the material allegations of the complaint and sets forth two separate defenses of fraud and misrepresentation the part of the insured in procuring the issuance of the policy, and also a collateral agreement to the effect that the policy was not to take effect until the first premium was paid during the good health of the insured, it being alleged that at the time the first premium was paid he was not in good health.

I am of the opinion the order appealed from should be affirmed. As to the first two defenses, the false representations relied upon as constituting a defense are, admittedly, not indorsed upon or in any way attached to the policy. The question presented, therefore, is whether under section 58 of the Insurance Law (Consol. Laws, chap. 28; Laws of 1909, chap. 33) such representations, even though not indorsed upon or attached to the policy, may be proved when the policy is sought to be enforced for the purpose of showing that it never had any legal inception by reason of the fraud practiced upon and misrepresentations made to the insurance company.

Section 58 of the Insurance Law provides: "Every policy

of insurance issued or delivered within the State on or after the first day of January, nineteen hundred and seven, by any life insurance corporation doing business within the State shall contain the entire contract between the parties and nothing shall be incorporated therein by reference to any constitution, by-laws, rules, application or other writings unless the same are indorsed upon or attached to the policy when issued; and all statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties. Any waiver of the provisions of this section shall be void."

The appellant contends that the purpose of this section was merely to abolish the distinction between warranties and representations, and to require that the entire contract shall be contained in the policy and the papers attached thereto. But it is quite evident that the Legislature had in mind an additional purpose, which was to prevent, so far as could be, controversies which had theretofore arisen between the insured and insurer as to the accuracy of the record of statements made by the former at the time the policy was applied for. (*Becker* v. *Colonial Life Ins. Co.*, 153 App. Div. 382.) In the *Becker* case action was brought to enforce a policy which recited that it was issued in consideration of " the application therefor," which was attached to the policy. The answer set up certain alleged false representations, some of which were a part of the medical examination and were not attached to the policy. At the trial the plaintiff moved to strike from the amended answer the allegations respecting the false and fraudulent character of any statements or representations contained in the medical examination. The motion was granted. The plaintiff had a recovery and on appeal one of the questions presented was the ruling striking out the portion of the amended answer to which reference has been made. It was held that the motion was properly granted; that the policy having stated that the consideration for it was the application of the insured, which was made a part of and annexed to it, the insurer could not, for the purpose of avoiding the policy, set out other alleged misrepresentations as an inducing cause for its issuance, since section 58 of the Insurance Law required that every such policy should contain the entire contract and nothing should be

incorporated therein by reference to other writings not indorsed upon or attached to the policy.

The question which we are now asked to pass upon, it seems to me, has been determined by this court. I am unable to see any distinction between this case and *Murphy* v. *Colonial Life Insurance Co.* (163 App. Div. 875). There an action was brought in the Municipal Court of the City of New York upon a policy of insurance in which the defendant set up as a defense false representations which were alleged to have been made in the application for the policy. The application was neither indorsed upon nor attached to the policy, and for that reason the trial court excluded evidence as to the alleged falsity of the statements made therein. The plaintiff had a recovery and an appeal was taken to the Appellate Term (83 Misc. Rep. 475), where the judgment of the trial court was affirmed. Mr. Justice Seabury, who delivered the prevailing opinion, after referring to that part of section 58 of the Insurance Law which provides that all statements purporting to be made by the insured shall, in the absence of fraud, be deemed representations and not warranties, said: "This clause is not an exception to the general rule declared in the body of section 58. The clause, as I understand it, means that if the insurer intends to claim that it was *induced* to enter into a policy by virtue of any statement of the insured it must express that statement in the policy or attach it thereto, and such statement so attached shall be deemed a representation and not a warranty, but any statement so attached, whether a representation or not, shall upon proof of fraud avoid the policy. Thus interpreted the clause is given a meaning which does not defeat the purpose of the statute." On appeal, this court in affirming the determination, said: "We agree with the Appellate Term in the construction of section 58 of the Insurance Law."

The legislative intent, as expressed in the section, seems to me clear. It is to require insurance companies, when issuing policies, to set out therein the entire contract of insurance, and every statement or representation which induced the company to enter into the agreement, and upon which it relied in so doing, if thereafter to be available as a defense to the policy, is

to be annexed to and made a part of it. The construction thus given is fair to both parties. Notice is thus given that the insurance company relied, in issuing the policy, upon the truth of the statements and representations made. To hold otherwise, it seems to me, is to entirely destroy one of the purposes for which the section was enacted.

Nor is the alleged fourth defense available to the defendant. This is to the effect that there was an agreement that the policy was not to take effect until the first premium was paid during the insured's good health. No such agreement is indorsed upon or attached to the policy or referred to therein in any way. This alleged defense, therefore, is directly in conflict with section 58, which specifically requires that the policy "shall contain the entire contract between the parties." (*Becker* v. *Colonial Life Ins. Co., supra.*)

The order appealed from is, therefore, affirmed, with ten dollars costs and disbursements, with leave to defendant to serve an amended answer on payment of costs in this court and in the court below.

LAUGHLIN and DOWLING, JJ., concurred; INGRAHAM, P. J., dissented; HOTCHKISS, J., dissented in part.

INGRAHAM, P. J. (dissenting):

I do not think that section 58 of the Insurance Law (Consol. Laws, chap. 28; Laws of 1909, chap. 33) applies to a case where a contract of life insurance is sought to be avoided by the fraud of the person obtaining the contract. That section provides that every policy of insurance shall contain the entire contract between the parties; that nothing shall be incorporated therein by reference to any constitution, by-laws, rules, application or other writings, unless the same are indorsed upon or attached to the policy when issued; and that all statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties. It seems to me clear that the object of this section was to prevent a policy being avoided by reason of a warranty or condition not incorporated in the policy itself, and that it has no application to a case where the policy itself is sought to be avoided as having been obtained by fraud. This intent of the statute seems

to be emphasized by the language that "all statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties." Here the contract is sought to be avoided by a fraud, which avoids all contracts, and I can see no reason why a policy of insurance shall be an exception to the general rule. What was said in the *Becker Case* (153 App. Div. 382) applied to a case where the defendant sought to inject as a defense to an action to enforce a policy a misrepresentation or breach of warranty by the assured. But where the insurance company comes in and alleges that the contract was obtained by fraud, in which the defendant must prove false representations, *scienter*, and reliance thereon by the insurance company, I do not think this statute applies.

I think, therefore, the order should be reversed, and the motion for judgment denied.

HOTCHKISS, J. (dissenting in part):

I concur with the presiding justice as to the application of section 58 of the Insurance Law (Consol. Laws, chap. 28; Laws of 1909, chap. 33) to the second and third defenses. As to the fourth defense, I concur with Mr. Justice McLAUGHLIN.

The order should be reversed.

Order affirmed, with ten dollars costs and disbursements, with leave to defendant to serve amended answer on payment of costs in this court and in the court below.