## (March 21, 1951.)

ELMORE A. G. CHESHER, Respondent, v. UNITED STATES CASUALTY COMPANY, Appellant.— Judgment and order affirmed, with costs, upon the opinion of VAN VOORHIS, J., delivered at Special Term, Monroe County. All concur. (Appeal from a judgment for plaintiff in an action under a liability insurance policy. The order granted plaintiff's motion to strike out defendant's answer and for summary judgment.) Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.

The opinion of Justice VAN VOORHIS dated August 18, 1950, is as follows:

Plaintiff obtained a judgment in the United States District Court for the Western District of New York, in the sum of $3,048.44, against one John McFerran for personal injuries arising from negligence. Plaintiff's automobile collided with a tractor trailer truck then being operated in the business of a Massachusetts corporation, known as Central States Transportation Co., Inc.

This truck belonged to McFerran and had been leased by him to Central States for a period of one year. It was being operated by McFerran for Central States at the time of the accident. The action in Federal court was brought originally against both McFerran and Central States, but was dismissed as against Central States upon the ground that jurisdiction had not been obtained over that foreign corporation in New York State.

Policies of automobile liability insurance, covering bodily injury and property damage, had been issued by defendant to Central States. Defendant admits that these policies of insurance would have indemnified Central States against collection of the judgment obtained by plaintiff in the Federal court, if it had been obtained against Central States instead of against McFerran. The reason on account of which judgment was not rendered against Central States was lack of jurisdiction over the person of that defendant.

After the dismissal of the complaint in the Federal suit against Central States on motion, plaintiff proceeded against McFerran alone and obtained judgment against him, as aforesaid, for $3,048.44. Defendant did not defend in McFerran's behalf and has refused to pay the said judgment to plaintiff although it remains wholly unpaid and unsatisfied.

Plaintiff has given to defendant notice required by section 167 of the Insurance Law, and is entitled to recover against defendant in this action if the insurance policies covered McFerran as well as Central States at the time of the accident. There is no dispute concerning the provisions of these policies or the facts involved in the relationship between McFerran and Central States. The liability of defendant to plaintiff therefore resolves itself into a question of law, which can be determined upon this motion.

The most important provision of these policies affecting this issue is contained in an indorsement common to both, entitled "Hired Automobiles", which states under paragraph 2(a) thereof: "The Definition of 'Insured' agreement of the policy applies to the insurance afforded under this endorsment except to the owner of the automobile or any employee of such owner." Defendant contends that it is exempted from liability in this case due to the circumstance that McFerran held the legal title to the automobile. Plaintiff contends that since the automobile had been leased for a year to Central States, that corporation had become the owner for the purposes of the insurance, and McFerran was acting as its servant, and hence was covered by the policy.

There is no question that both of these insurance policies covered the named insured (Central States) and any other person responsible for the operation of said motor vehicle with its permission express or implied. McFerran was, therefore, protected, unless he was expressly excepted by the indorsement above mentioned. The manifest purpose of this exception was to exempt defendant from liability if the motor vehicle was being operated by one who, at the time of the accident, possessed the attributes of ownership, such as the right to control the use to be made of the vehicle. The exemption would hardly be thought to remove from the coverage of the policies one who had transferred to another the ordinary attributes of ownership, at least for a period of substantial duration. In this instance, McFerran had divested himself of the attributes of ownership of this motor vehicle, insofar as its use was concerned, and the fact that he held the legal title was irrelevant to the purposes of the insurance. This idea is in line with subdivision 18 of section 2 of the Vehicle and Traffic Law, which defines the term owner as including also "any lessee or bailee of a motor vehicle, or motor cycle having the exclusive use thereof, under

a lease or otherwise, for a period greater than thirty days." The insurance carrier would naturally be interested in who was the person entitled to the exclusive use of the automobile, and it is reasonable to suppose that such person was in contemplation when the clause was drawn excepting liability when the motor vehicle was being driven by the owner. The policies issued to Central States would not be expected to cover some other person who might be entitled to the exclusive use of the vehicle when the accident occurred, but coverage of McFerran may be thought to have been intended when the right to such exclusive use inhered in Central States and not in McFerran.

It may well be that the law of Massachusetts where these policies were written applies (*Mees* v. *Pittsburgh Life & Trust Co.*, 169 App. Div. 86; *Wilson* v. *Central Ins. Co.*, 135 App. Div. 649; *Sheldon* v. *Bennett*, 282 Mass. 240; *Sleeper* v. *Massachusetts Bonding & Ins. Co.*, 283 Mass. 511; *Bradford* v. *Utica Mut. Ins. Co.*, 179 Misc. 919; see, Note, 137 A. L. R. 656); but the intention of the policies was clearly to provide Central States with the coverage necessary to protect it against liability imposed upon it by the laws of the several States traversed by its interstate routes, and designated on the certificate of convenience and necessity issued by the Interstate Commerce Commission. That appears from the policies themselves, irrespective of the clauses therein contained relating to compliance with the financial responsibility laws of these States. Plainly these policies were intended to provide, for example, for the coverage contemplated by section 59 of the Vehicle and Traffic Law, in the construction of which the word "owner" is defined by subdivision 18 of section 2, as including a lessee under a lease for a period greater than thirty days. For the purposes of that law, Central States is to be regarded as owner. In such situations the New York State standard form of policy protects the person operating the vehicle with the owner's consent, as well as the owner. These policies purport to do that, by defining the insured as including any person using the automobile with the permission of the named insured, unless McFerran was excepted from the coverage by the "Hired Automobiles" indorsement. Inasmuch as the policies clearly purport to protect Central States against liability imposed by section 59 of the New York Vehicle and Traffic Law, it seems to me that the term "owner", as used in said indorsement, should be given a similar construction to that made applicable to section 59 by subdivision 18 of section 2, viz., as including a lessee of an automobile under a lease for more than thirty days. Defendant admits that it would have been obliged to stand behind Central States by reason of this accident, if jurisdiction of its person had been obtained in the action by plaintiff in the United States District Court for the Western District of New York. The policy should be construed as intended to indemnify also the operator of the automobile who was concededly acting as the servant of Central States. For the purposes of these policies Central States is to be deemed the owner, rather than McFerran, who held but a reversionary interest subject to the lease to Central States.

Before a fact situation otherwise within the coverage of an insurance policy should be held to come within a specific exception, the intention to bring it within the exception should be clear (*Stonborough* v. *Preferred Accident Ins. Co.*, 180 Misc. 339, 342, and cases cited).

Plaintiff's motion for summary judgment should be granted, with costs of the action and $10 costs of this motion. [See *post*, p. 891.]