## TYLER v. JAEGER.

#### (Supreme Court, Appellate Term. April 24, 1905.)

NOTES—CONSIDERATION—DEFENSES.

Plaintiff, being the owner of a copyrighted play, sold the same to defendant's sister, she agreeing to pay therefor as soon as she could sell certain property. Plaintiff thereafter applied to defendant for a loan, when defendant executed certain notes which he delivered to plaintiff to be discounted. These notes were later returned to defendant, who then gave plaintiff two other notes, at which time plaintiff executed to him a receipt for the amount of the notes in part payment of the play. Defendant, in making the notes, did not act either as agent or for the ac-

commodation of his sister, but entirely as a third person. *Held*, that the notes were without consideration and unenforceable.

[Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, § 196.]

Appeal from City Court of New York, Trial Term.

Action by Charles R. Tyler against Charles H. Jaeger. From an order denying defendant's motion for a new trial after judgment in favor of plaintiff, he appeals. Reversed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

Isaac Josephson, for appellant.

Arnon L. Squiers, for respondent.

SCOTT, P. J. This being an appeal from an order, and not from the judgment, the only question to be determined is whether or not the weight of evidence supports the finding of the jury.

The uncontradicted testimony and the facts, which we must assume the jury found to be true, are substantially as follows: The plaintiff was the owner of the copyright of a certain play called "Felicita." This play he had sold to a Mrs. Dê Beifore, a sister of the defendant, on June 1, 1904, she agreeing to pay therefor the sum of $2,500 as soon as she could sell some property owned by her. Defendant was present at one time when the play was read, and there is some proof that he had at times been consulted by the plaintiff as to the intentions of his sister as to the purchase of the play, but there is no proof, nor does the plaintiff claim, that the play was sold to the defendant, or that the defendant ever agreed to pay any portion of the purchase price, except as hereinafter stated. The defendant testifies that upon June 22, 1904, the plaintiff applied to him for a loan; that two notes were made signed by the defendant and by one Mutall, and delivered to the plaintiff for the purpose of being discounted. Two days later the plaintiff returned these notes to the defendant, and the defendant thereupon gave the plaintiff, for his accommodation, two other notes, signed by the defendant alone, each for the sum of $150. At the time these last notes were delivered to the plaintiff the defendant asked for and received from the plaintiff a writing reading as follows: "Received from Charles H. Jaeger the sum of $300 in part payment for the play Felicita." These notes the plaintiff kept until their maturity, and, not being paid, this action was brought, the defense being want of consideration. Regarding the giving of these notes, the plaintiff testified that he told the defendant: "I need some money; that I had sold the play, and wanted to show that I had done so, and he said he would see what he could do." The giving of the notes in question followed a few days after the foregoing conversation. It was not shown, nor is it claimed, that the sister ever requested the defendant to give the notes, and she testified, without contradiction, that she knew nothing about the giving of them.

Concededly, the giving of a note of a third person by a debtor to a creditor, when it is agreed between the parties that such note

shall be taken in payment of the indebtedness, operates to discharge the debt; but in no case called to our attention has it been held that where a third party, at a time subsequent to the incurring of the indebtedness, and a stranger thereto, promises to pay such debt, such promise can be enforced. "If one lends money to another, and at a subsequent time a third party, who did not request the loan and is not benefited by it, promises to see that it is repaid, such promise is void, because no consideration passes." Parsons on Contracts, vol. 1 (9th Ed.) pp. 469, 470. There was no agreement between the debtor and the plaintiff that the defendant should give any notes, nor between the defendant and his sister, and there was no proof that the plaintiff was injured or the defendant benefited thereby. No forbearance on the part of the plaintiff was shown, and neither did the giving of the receipt referred to preclude the plaintiff from collecting the full amount of his claim from Mrs. De Beifore in an action brought for that purpose. The effect of her offering such receipt as evidence of part payment of the claim could easily have been explained away by showing that the same had been given upon an unfulfilled promise on the part of the defendant. In every case cited by the respondent in support of the judgment herein, the debtor was a party to the transaction, and the payment made was enforceable against the debtor by such third person upon the express or implied promise of the debtor, or was a payment by the third person of his own debt to the creditor. In the case of Kramer v. Kramer, 90 App. Div. 176, 86 N. Y. Supp. 129, a case as favorable to the plaintiff's contention as any cited, the note of a third person was held to have been given for an adequate consideration, upon the theory that it contained therein the words "for value received," and that those words, together with proof of a long-continued course of dealings between the debtor and the person giving the note, justified the jury in finding that there was a consideration, although the defendant testified that he had received none. There was no evidence that the notes in the case at bar were given for a consideration, and the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.