## ROBINSON v. OLIVER.

(Supreme Court, Appellate Division, Third Department.   January 5, 1916.)

1. INSURANCE ☞83—BROKERS—LIABILITY TO PRINCIPAL—EVIDENCE.

Evidence *held* to warrant a finding that a broker employed by plaintiff to secure insurance, who neglected to pay the premium as required, agreed that, if plaintiff would institute suit against the insurer, he would pay the costs of the same.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 107–110; Dec. Dig. ☞83.]

2. CONTRACTS ☞71—"CONSIDERATION"—SUFFICIENCY.

An insurance broker employed by plaintiff neglected to pay the premiums as required.   The property was thereafter destroyed, and, upon plaintiff demanding recovery against the broker, the broker agreed that, if plaintiff would sue the insurer, whom he claimed had waived payment of premium, he would pay the expenses of the suit; the broker explaining the suit against him would injure him in a business way. *Held* that, as plaintiff waived his rights to proceed against the broker, the promise was supported by sufficient consideration; "consideration" meaning some right, interest, profit, or benefit accruing to the one party, or some forbearance, detriment, loss, or responsibility given or undertaken by the other party.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 295, 296, 298, 316–324; Dec. Dig. ☞71.

For other definitions, see Words and Phrases, First and Second Series, Consideration.]

Appeal from Trial Term, Clinton County.

Action by Ernest J. Robinson against Carl H. Oliver.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Charles J. Vert, of Plattsburgh, for appellant.
John H. Booth, of Plattsburgh, for respondent.

WOODWARD, J.   On or about the 9th day of May, 1912, the Western Assurance Company, a foreign corporation, was doing business in the state of New York, and, acting through its general manager in the United States, one E. S. Kelley, issued to Ernest J. Robinson a policy of insurance upon a gasoline launch, known as Dan, for the sum of $3,500.   This policy was issued in consideration of the premium of $131.25, and a provision of the policy made it a condition "that, should the premium on this policy be not paid within sixty days from the date of attaching, the policy shall be null and void during the time the premium is past due and unpaid."   Carl H. Oliver was conducting a business as insurance broker in the village of Plattsburgh, and at the request of the plaintiff procured the policy above mentioned from the general agent of the Western Assurance Company, and some time subsequent to the delivery of the policy called upon Mr. Robinson and asked for the premium, that he might remit the same to the insurance company, and the matter was adjusted by Mr. Robinson giving a note for the amount of the premium which

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

would be due to the insurance company, less the broker's commission; Mr. Oliver undertaking to procure the discount of the note and to pay the insurance company. It appears from the evidence that Mr. Oliver failed to pay over the money as agreed to the insurance company, and on or about the 16th day of October, 1912, Mr. Robinson's boat was destroyed by fire. The insurance company, in the meantime and on or about the 15th day of October, had attempted, by giving notice, to cancel the policy on the ground of nonpayment of the premium. Mr. Oliver, after the fire and after the insurance company had declined to recognize the obligation of the policy, sent his check to the insurance company for the amount of the premium; but this was returned, and on or about the 19th day of October it looked as though Mr. Robinson, who had paid for the policy in good faith, was in a position to suffer the loss of his boat, unless he could collect his damages from Mr. Oliver.

The matter was brought to the attention of Mr. Oliver, and Mr. Robinson told the former that he should hold him responsible for his loss and expenses in connection therewith on account of Mr. Oliver's failure to pay over the premium as agreed. It is claimed, and this was the principal question of fact litigated, that Mr. Oliver stated to Mr. Robinson that an action against him would injure his insurance business, and promised that if Mr. Robinson would employ the law firm of Weeds, Conway & Cotter, whom Mr. Oliver had already consulted, and commence an action against the insurance company to recover the amount of the policy, he (Oliver) would pay all costs and expenses involved in the litigation. Mr. Robinson, it appears, acted upon this promise, employed the firm of attorneys mentioned, brought his action against the insurance company, and succeeded in recovering the amount of the policy. This litigation was conducted in the United States District Court for the Northern District of New York (Robinson v. Western Assurance Co. [D. C.] 211 Fed. 747), and succeeded upon the theory that Mr. Kelley, the general agent of the insurance company, had waived the matter of payment of the premium, and had elected to keep the policy in force. The litigation thus undertaken by Mr. Robinson, and which was made necessary by the failure of Mr. Oliver to pay over the funds with which he had been provided to the insurance company, cost Mr. Robinson the sum of $916.40, and this action was brought to recover the amount; Mr. Oliver having refused to discharge the obligation. The learned trial court has found all of the facts in favor of the plaintiff, and has made conclusions of law sustaining the judgment in favor of the plaintiff and against the defendant, from which the latter appeals to this court.

[1] We are clearly of the opinion that the evidence warranted the findings of fact made by the learned trial court. There was a distinct conflict of evidence between the plaintiff and the defendant, and there were facts and circumstances on both sides which tended in a measure to corroborate both parties, and, under such circumstances, it was clearly a case for the court, with the witnesses before it, to determine which of the two told the truth. There is no dispute that the plaintiff had in fact provided in good faith for the payment of his insur-

ance, that he had bought and paid for his protection, and that it was due to the failure of Mr. Oliver to pay over the money to the insurance company that the burden of a protracted litigation was imposed upon Mr. Robinson; and it not being unreasonable or unjust that Mr. Oliver should have made the promise which he is alleged to have made, we cannot say that the evidence does not support the finding that he did make such promise.

[2] It is urged that, assuming the facts to be as found by the court, the promise was void as being without consideration. But no lawful promise is void; it is merely unenforceable in courts where it is without consideration. Here there was a perfect legal right on the part of Mr. Oliver to make the promise; it was not contrary to morals or to law, and if there was any consideration it is sufficient to support a moral obligation of this character. Mr. Oliver was not an insurance agent in this case; he was not employed by the insurance company. He simply acted as a broker to procure the insurance for Mr. Robinson. He took Mr. Robinson's note for the amount necessary to pay the premium, and agreed to pay the same to the insurance company for Mr. Robinson. He did not do this, and, except for the fact that the general agent had so conducted himself as to justify the conclusion that he had waived the present payment of the premium to the insurance company, Mr. Robinson would have been deprived of all protection under the policy. His remedy would have been an action to recover damages against Mr. Oliver for neglecting to perform the obligation of paying over the money to the insurance company. Nothing that Mr. Oliver did in respect to the matter had any relation to the insurance company; the duty of Mr. Robinson was to pay the premium to the insurance company, and he made Mr. Oliver his agent for the purpose of making this payment, and the latter was answerable to Mr. Robinson for a failure to perform this duty. Mr. Oliver recognized this situation, it may be assumed; he knew that an action against him would result in his being discredited as an insurance agent or broker in the community, that it would involve him in the expense of a litigation in which he would be very likely cast in damages, and he sought to relieve himself by inducing Mr. Robinson to employ attorneys of his own selection and attempting to charge the insurance company of the obligation. All this has been done, and now Mr Oliver attempts to say that there was no consideration for the promise.

Consideration, as judicially defined, means "some right, interest, profit, or benefit accruing to the one party, or some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by the other" (Becker v. Colonial Life Insurance Co., 153 App. Div. 382, 385, 138 N. Y. Supp. 491, 494, and authorities there cited; Union Bank v. Sullivan, 214 N. Y. 332, 339, 108 N. E. 558); and if Mr. Robinson did not forbear to assert a cause of action existing against Mr. Oliver, what did he do? It is true, of course, that the result of the litigation demonstrated that the insurance company was liable upon its policy, but it was not liable because of anything that Mr. Oliver had done; its liability was predicated wholly upon the waiver on the part of

Mr. Kelley, the general agent, and it in no wise establishes that Mr. Robinson did not have a cause of action against Mr. Oliver for failing to perform his duty and pay over to the insurance company the amount of the premium. He was not bound to take the chances of this litigation; he had an action for damages, and we are not concerned here whether he would have succeeded or not; he certainly was damaged to the extent that he was obliged to expend money in enforcing a policy to which there was no other defense suggested than that the premium had not been paid; and in forbearing to bring this action, and in conducting the litigation through attorneys selected by Mr. Oliver, he afforded a sufficient consideration to support the promise which the court has found was made, and the judgment should be affirmed.

Mr. Robinson became involved in the liabilities of a litigation at the request of Mr. Oliver to relieve the latter of his responsibilities in connection with the transaction, to save Mr. Oliver from the injury which would result to his business from the disclosure of his conduct in connection with the writing of this insurance, and to say that the promise to reimburse Mr. Robinson for the expenses of such litigation is without consideration is to close our eyes to the truth, and to permit Mr. Oliver to take advantage of his own wrong. Mr. Robinson had paid for the insurance policy and was entitled to the face of the policy without expense. He was deprived of this through the wrong of Mr. Oliver in failing to pay over the money as he had agreed to do; and, having been permitted to escape his liability through the plan which he had developed through attorneys of his own selection, there is no reason in law or equity why he should not be compelled to discharge the obligation which he promised to accept if Mr. Robinson would act on his suggestion.

The judgment appealed from should be affirmed, with costs. All concur.