In the Matter of the Estate of ALBERT S. RANLETT, Deceased.

Surrogate's Court, New York County, April, 1922.

**Negotiable instruments — consideration — note given to pay balance due on account of another — decedent's estate — liability of maker's estate to pay the note — Neg. Inst. Law, § 51.**

Under section 51 of the Negotiable Instruments Law an antecedent or pre-existing debt constitutes value and is a sufficient consideration to support a promissory note given in payment thereof.

Decedent, an employee of a firm of stockbrokers, having opened an account with them in the name of one W., gave orders to buy and sell on that account cotton for future delivery, and orally guaranteed the payment of any indebtedness

resulting from any of the transactions carried on for W. When the account was closed out there was a balance due the stockbrokers of $2,410, and immediately decedent wrote to the firm a letter as follows: " Referring to the indebtedness of $2,410 to you by A. W. Watkins, I beg to confirm my verbal guarantee of its payment." Later, in conversation, a member of the firm stated to decedent that as the account had been opened by him the indebtedness should be paid by him and thereupon decedent executed and delivered to the firm his promissory note for the amount of the debit balance, with interest, payable on demand for value received. The executrix of decedent disputed the claim on the note and in the agreed statement of facts it is conceded that at no time had the firm had any dealings, transactions or communications of any kind with W.; that he was unknown to the firm and that all dealings, transactions and communications relative to the account in his name were carried on by and with the decedent and according to his instructions. *Held*, that it was a fair inference that in reality the account was the personal one of decedent under the fictitious name of Watkins and the note given by decedent was in payment of his personal indebtedness, the identity of Watkins or his actual existence not having been established by either of the parties.

Upon delivery of the note the account was marked " settled " upon the books of the firm and any claim against W. was discharged by them. *Held*, that in the circumstances there was a sufficient consideration for the note and it was a valid claim against the estate.

TRIAL of claim against an estate.

*Charles MacVeagh (George Denneny,* of counsel), for Shearson, Hammill & Co.

*Otis & Otis,* for executrix.

FOLEY, S. Shearson, Hammill & Co. filed a claim against this estate upon a demand note for $2,431.69, made by the decedent to the order of the claimants and dated September 21, 1914. The validity of the claim is disputed by the executrix. The matter is submitted to the court upon an agreed statement of facts. On the 21st of November, 1910, the decedent, then an employee of the claimants, opened an account with them in the name of one A. W. Watkins, and thereafter gave orders to the claimants to buy and sell for that account, on the New York Cotton Exchange, cotton for future delivery. The transactions in the account continued up to July 29, 1914. The account was then closed out, and as a result of the trading there was a balance due of $2,410. At the time the account was opened, and during the time the trading was carried on, the decedent orally guaranteed the payment of any indebtedness resulting from any transactions carried on for Watkins. On the 1st day of August, 1914, immediately after the account was closed, the decedent wrote to Shearson, Hammill & Co. a letter which read: " Referring to the indebtedness of $2,410 to you by A. W. Watkins, I beg to confirm my verbal guarantee of its payment." On the 21st of September, 1914, Walter L. Johnson, a member of the firm of Shearson, Hammill & Co., had an interview

**530**   Bolton-Worsted M. Co, Inc., *v.* United B. Ins. Co., Ltd.

Appellate Term, First Department, April, 1922.          [Vol. 118

with the decedent.   Johnson then stated to Ranlett that as the account had been opened by him the indebtedness should be paid by him, and thereupon the decedent executed and delivered his promissory note for $2,431.69 (the debit balance including interest), payable on demand for value received.   Payment was demanded of Ranlett upon the following day.

It is conceded in the agreed statement of facts that at no time had Shearson, Hammill & Co. had any dealings, transactions or communications of any kind with A. W. Watkins; that he was unknown to Shearson, Hammill & Co., and that all dealings, transactions and communications relative to the account in the name of A. W. Watkins were carried on by and with the decedent, and according to his instructions.

The fair inference is that the account was in reality the personal account of the decedent, under the fictitious name of Watkins, and the note given by the decedent was in payment of his personal indebtedness.   In any event, the identity of Watkins, or his actual existence, has not been established by either of the parties.   It is claimed, however, that there was no consideration for the giving of the note.   Upon the delivery of the note the account was marked " settled " upon the books of the claimants, and any claim against Watkins was discharged by them.   Under the circumstances it would seem, therefore, that there was a sufficient consideration. *Union Bank* v. *Sullivan*, 214 N. Y. 332; *Robinson* v. *Oliver*, 171 App. Div. 349, 353; affd., 224 N. Y. 665.   *Tyler* v. *Jaeger*, 47 Misc. Rep. 84, cited by the executrix, has no application because of the peculiar facts here and in the course of dealing between the parties.   Under section 51 of the Negotiable Instruments Law an antecedent or pre-existing debt constitutes value, and is a sufficient consideration to support the note given in payment thereof.   *Kelso & Co.* v. *Ellis*, 224 N. Y. 528.   The claimants are holders of the note for value and have a valid claim against the estate.

Submit decree accordingly.

Decreed accordingly.